1   ROBBINS GELLER RUDMAN
       & DOWD LLP
2   SANFORD SVETCOV (36561)
    SUSAN K. ALEXANDER (124276)
3   Post Montgomery Center
    One Montgomery Street, Suite 1800
4   San Francisco, CA 94104
    Telephone: 415/288-4545
5   415/288-4534 (fax)
    ssvetcov@rgrdlaw.com
6   salexander@rgrdlaw.com
       – and –
7   DAVID J. GEORGE (*admitted pro hac vice*)
    ROBERT J. ROBBINS (*admitted pro hac vice*)
8   120 East Palmetto Park Road, Suite 500
    Boca Raton, FL 33432
9   Telephone: 561/750-3000
    561/750-3364 (fax)
10  dgeorge@rgrdlaw.com
    rrobbins@rgrdlaw.com
11
    MILBERG LLP
12  JOSHUA H. VINIK (*admitted pro hac vice*)
    LORI G. FELDMAN (*admitted pro hac vice*)
13  ROSS BROOKS (*admitted pro hac vice*)
    One Pennsylvania Plaza                          KAPLAN FOX & KILSHEIMER LLP
14  New York, NY 10119                              LAURENCE D. KING (206423)
    Telephone: 212/594-5300                         350 Sansome Street, Suite 400
15  212/868-1229 (fax)                              San Francisco, CA 94104
    jvinik@milberg.com                              Telephone: 415/772-4700
16  lfeldman@milberg.com                            415/772-4707 (fax)
    rbrooks@milberg.com                             lking@kaplanfox.com
17
    Co-Lead Counsel for Plaintiffs                  Liaison Counsel for Plaintiffs
18
19                     UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21  In re GILEAD SCIENCES SECURITIES     )   Master File No. C-03-4999-SI
    LITIGATION                           )
22  ──────────────────────────────────   )   CLASS ACTION
                                         )
23  This Document Relates To:            )   PLAINTIFFS' CO-LEAD COUNSEL'S
                                         )   NOTICE OF MOTION AND MOTION FOR
24      ALL ACTIONS.                     )   AN AWARD OF ATTORNEYS' FEES AND
                                         )   EXPENSES AND MEMORANDUM OF
25  ──────────────────────────────────   )   POINTS AND AUTHORITIES IN SUPPORT
                                             THEREOF
26
                                             DATE:   November 5, 2010
27                                           TIME:   10:30 a.m.
                                             CTRM:   The Honorable Susan Illston
28

577727_2

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .............................................................................................. 1

II.   AWARD OF ATTORNEYS' FEES ................................................................... 4

    A.    A Reasonable Percentage of the Fund Recovered Is the Appropriate
         Approach to Awarding Attorneys' Fees in Common Fund Cases ........................ 4

    B.    A Percentage Fee of 30% of the Fund Created Is Reasonable in This Case .......... 6

         1.    The Result Achieved .............................................................................. 6

         2.    A 30% Fee Award Is Consistent With Fees Awarded in Similar
             Complex Class Action Litigation .............................................................. 7

         3.    The Attorneys' Fees Requested Are Fair and Reasonable in Light
             of the Contingent Nature of the Representation ......................................... 10

         4.    The Risks of the Litigation and the Novelty and Difficulty of the
             Questions Presented ............................................................................... 11

         5.    The Skill Required and the Quality and Efficiency of the Work .............. 15

III.  COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY
      INCURRED TO ACHIEVE THE BENEFIT OBTAINED ............................... 16

IV.   CONCLUSION .............................................................................................. 18

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI

- i -

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abrams v. Lightolier Inc.*,
   50 F.3d 1204 (3d Cir. 1995) ............................................................................ 16

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
   572 F.3d 221 (5th Cir. 2009) ............................................................................ 2

*AUSA Life Ins. Co. v. Ernst & Young*,
   39 Fed. Appx. 667 (2d Cir. 2002) .................................................................... 11

*Aviva Partners LLC v. Exide Techs.*,
   No. 3:05-cv-03098-MLC-LHG (D.N.J. June 23, 2009) .................................. 8

*Behrens v. Wometco Enters., Inc.*,
   118 F.R.D. 534 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) ........... 6

*Blum v. Stenson*,
   465 U.S. 886 (1984) ..................................................................................... 5, 9

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*,
   8 F.3d 722 (10th Cir. 1993) ............................................................................. 16

*Bryant v. Avado Brands, Inc.*,
   100 F. Supp. 2d 1368 (M.D. Ga. 2000), *rev'd on other grounds and*
   *remanded sub nom. Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001) ......... 12

*Camden I Condo. Ass'n v. Dunkle*,
   946 F.2d 768 (11th Cir. 1991) ......................................................................... 5

*Cent. R.R. & Banking Co. v. Pettus*,
   113 U.S. 116 (1885) ...................................................................................... 4, 5

*Churchill Vill., L.L.C. v. GE*,
   361 F.3d 566 (9th Cir. 2004) ........................................................................... 12

*Clark v. Lomas & Nettleton Fin. Corp.*,
   79 F.R.D. 641 (N.D. Tex. 1978), *vacated on other grounds*,
   625 F.2d 49 (5th Cir. 1980) ............................................................................. 12

*Florin v. Nationsbank, N.A.*,
   34 F.3d 560 (7th Cir. 1994) ............................................................................. 5

*Goldstein v. MCI WorldCom*,
   340 F.3d 238 (5th Cir. 2003) ........................................................................... 13

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI

- ii -

**Page**

*Gottlieb v. Barry,*
  43 F.3d 474 (10th Cir. 1994) ..................................................................................5

*Harris v. Intel Corp.,*
  No. C-00-1528-CW(EMC), slip op. (N.D. Cal. July 15, 2003) ..................................9

*Harris v. Marhoefer,*
  24 F.3d 16 (9th Cir. 1994) ....................................................................................16

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) ...............................................................................................6

*In re Activision Sec. Litig.,*
  723 F. Supp. 1373 (N.D. Cal. 1989) .........................................................................6

*In re Adac Labs. Sec. Litig.,*
  No. C-98-4934-MHP, slip op. (N.D. Cal. Sept. 18, 2000) ..........................................9

*In re Aetna Inc. Sec. Litig.,*
  MDL No. 1219, 2001 U.S. Dist. LEXIS 68 (E.D. Pa. Jan. 4, 2001) ............................9

*In re Apollo Group, Inc. Sec. Litig.,*
  No. CV 04-2147-PHX-JAT, 2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4, 2008),
  *rev'd,* No. 08-16971, 2010 U.S. Dist. App. LEXIS 14478 (9th Cir. June 23, 2010) .............11

*In re Canadian Superior Energy Inc. Sec. Litig.,*
  No. 04-CV-02020(RO) (S.D.N.Y. Oct. 19, 2005)........................................................9

*In re CV Therapeutics, Inc., Sec. Litig.,*
  No. C-03-3709 SI (N.D. Cal. Apr. 4, 2007) ...............................................................8

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.,*
  55 F.3d 768 (3d Cir. 1995) .....................................................................................5

*In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.,*
  No. 02-ML-1475-DT(RCx), 2005 U.S. Dist. LEXIS 13627
  (C.D. Cal. June 10, 2005) ....................................................................................9, 15

*In re HI/FN, Inc. Sec. Litig.,*
  No. C-99-4531-SI, slip op. (N.D. Cal. May 20, 2003) .................................................9

*In re Ikon Office Solutions, Inc., Sec. Litig.,*
  194 F.R.D. 166 (E.D. Pa. 2000) ...........................................................................9, 12

*In re JDS Uniphase Corp. Sec. Litig.,*
  No. C 02-1486 CW (EDL), 2007 WL 4788556 (N.D. Cal. Nov. 27, 2007) ...........................11

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI

- iii -

**Page**

*In re King Res. Co. Sec. Litig.,*
    420 F. Supp. 610 (D. Colo. 1976) ............................................................................ 6, 12

*In re LaBranche Sec. Litig.,*
    No. 03-CV-8201(RWS) (S.D.N.Y. Jan. 22, 2009) ................................................. 8

*In re LifeScan, Inc. Consumer Litig.,*
    No. C-98-20321-JF, slip op. (N.D. Cal. Mar. 18, 2002) ........................................ 9

*In re M.D.C. Holdings Sec. Litig.,*
    No. CV 89-0090 E (M), 1990 U.S. Dist. LEXIS 15488 (S.D. Cal. Aug. 30, 1990) .............. 10

*In re Mego Fin. Corp. Sec. Litig.,*
    213 F.3d 454 (9th Cir. 2000) ................................................................................... 9

*In re Micro Focus Sec. Litig.,*
    No. C-01-1352-SBA, slip op. (N.D. Cal. Dec. 17, 2002) ...................................... 9

*In re Old CCA Sec. Litig.,*
    No. 3:99-0458, 2001 U.S. Dist. LEXIS 21942 (M.D. Tenn. Feb. 9, 2001) ............. 9

*In re PETCO Animal Supplies, Inc. S'holder Litig.,*
    No. GIC 869399 (San Diego Super. Ct. Mar. 26, 2010) ........................................ 8

*In re Prestige Brands Holdings, Inc. Sec. Litig.,*
    No. 7:05-cv-06924-CS (S.D.N.Y. Dec. 7, 2009) .................................................. 8

*In re Prudential-Bache Energy Income P'ships Sec. Litig.,*
    No. 888, 1994 U.S. Dist. LEXIS 6621 (E.D. La. May 18, 1994) ........................... 10

*In re Rite Aid Corp. Sec. Litig.,*
    146 F. Supp. 2d 706 (E.D. Pa. 2001) ..................................................................... 15

*In re Secure Computing Corp. Sec. Litig.,*
    No. C-99-1927-CW, slip op. (N.D. Cal. Nov. 19, 2002) ....................................... 9

*In re Sybase Inc. Sec. Litig.,*
    No. C-98-0252-CAL, slip op. (N.D. Cal. Sept. 29, 2000) ...................................... 9

*In re TeleTech Litig.,*
    No. 1:08-cv-00913-LTS (S.D.N.Y. June 11, 2010) .............................................. 8

*In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.,*
    56 F.3d 295, 307 (1st Cir. 1995) ............................................................................ 5

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI

- iv -

**Page**

*In re UICI Sec. Litig.*,
    No. 3:04-CV-1149-P (N.D. Tex. Jan. 23, 2008) ................................................... 8

*In re Warner Commc'ns Sec. Litig.*,
    618 F. Supp. 735 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986).............................. 14, 15

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ...................................................................................*passim*

*Johnston v. Comerica Mortgage Corp.*,
    83 F.3d 241 (8th Cir. 1996) ..................................................................................... 5

*Maley v. Del Global Techs. Corp.*,
    186 F. Supp. 2d 358 (S.D.N.Y. 2002) .................................................................... 15

*Miller v. Woodmoor Corp.*,
    No. 74-F-988, 1978 U.S. Dist. LEXIS 15234 (D. Colo. Sept. 28, 1978) ................................ 13

*Moorhead v. CONSOL Energy, Inc.*,
    No. 2:03-cv-01588-TFM (W.D. Pa. May 14, 2007)........................................................ 8

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) ................................................................................. 5

*Rawlings v. Prudential-Bache Props.*,
    9 F.3d 513 (6th Cir. 1993) ..................................................................................... 5

*Rosenberg v. Hybrid Networks, Inc.*,
    No. C-98-20956-RMW, slip op. (N.D. Cal. Sept. 17, 2002)........................................... 9

*Six Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ................................................................................ 5

*Sutton v. Bernard*,
    504 F.3d 688 (7th Cir. 2007) ................................................................................. 10

*Swedish Hosp. Corp. v. Shalala*,
    1 F.3d 1261 (D.C. Cir. 1993) ................................................................................. 5

*Taubenfeld v. Aon Corp.*,
    415 F.3d 597 (7th Cir. 2005) ................................................................................. 9

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ................................................................................... 5

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI

**Page**

*Trustees v. Greenough,*
    105 U.S. 527 (1882) ............................................................................................4

*Vincent v. Hughes Air W., Inc.,*
    557 F.2d 759 (9th Cir. 1977) ...............................................................................4

*Vizcaino v. MicroSoft Corp.,*
    290 F.3d 1043 (9th Cir. 2002) .....................................................................5, 7, 11

*Wade v. Bayer AG, et al.,*
    No. CT-004748-06 (Shelby County, Tenn. Cir. Ct. Dec. 7, 2006) .........................8

*Winkler v. NRD Mining, Ltd.,*
    198 F.R.D. 355 (E.D.N.Y.), *aff'd sub nom.*
    *Winkler v. Wigley,* 242 F.3d 369 (2d Cir. 2000)..................................................11


**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78j(b) .............................................................................................................13

17 C.F.R.
    §240.10b-5 ........................................................................................................12


**SECONDARY AUTHORITIES**

Charles Silver, *Class Actions in the Gulf South Symposium: Due Process and the
Lodestar Method: You Can't Get There from Here* (June 2000)
    74 Tul. L. Rev. 1809............................................................................................6

Dr. Jordan Milev, Robert Patton, Dr. Stephanie Plancich, and Svetlana Starykh, *Trends
2010 Mid-Year Study: Filings Decline as the Wave of Credit Crisis Cases Subsides,
Median Settlement at Record High* (NERA July 2010) ................................................7

*Securities Class Action Case Filings 2007: A Year in Review,*
(Cornerstone Research 2008) ......................................................................................2

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI                    - vi -

1

2                                                                                   **Page**

3   **LEGISLATIVE HISTORY**

4   Private Securities Litigation Reform Act of 1995
       Pub. L. No. 104-67, 109 Stat. 737 (1995)...............................................................2, 10, 12, 13

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF        - vii -
    ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI

1  TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2           PLEASE TAKE NOTICE that, pursuant to an Order of the Court dated July 7, 2010, on

3  November 5, 2010, at 10:30 a.m., or as soon thereafter as counsel may be heard, at the Phillip Burton

4  United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, before the

5  Honorable Susan Illston, United States District Judge, Plaintiffs' Co-Lead Counsel will and hereby

6  move for an order approving this motion for an award of attorneys' fees and expenses. This motion

7  is based on the attached Memorandum of Points and Authorities in Support of Plaintiffs' Co-Lead

8  Counsel's Motion for an Award of Attorneys' Fees and Expenses, the Joint Declaration of David J.

9  George and Lori G. Feldman in Support of Motion for Final Approval of Class Action Settlement

10  and Plan of Allocation of Settlement Proceeds; and an Award of Attorneys' Fees and Expenses

11  ("Joint Declaration"), the declarations of counsel in support of expenses, the Stipulation of

12  Settlement dated as of June 28, 2010 (the "Stipulation"),[1] all other pleadings and matters of record,

13  and such additional evidence or argument as may be presented before or at the hearing.

14  **MEMORANDUM OF POINTS AND AUTHORITIES**

15  **I.    INTRODUCTION**

16           Plaintiffs' Co-Lead Counsel have achieved a settlement that provides for the payment of

17  $8.25 million in cash (plus accrued interest) for the benefit of the Class. The substantial recovery

18  obtained for the Class was achieved through the skill, work, tenacity, and effective advocacy of

19  Plaintiffs' Co-Lead Counsel. As compensation for their efforts in achieving this result, Plaintiffs'

20  Co-Lead Counsel seek an award of attorneys' fees of 30% of the Settlement Fund, plus expenses

21  incurred in the prosecution of the Action in the amount of $282,906.73, plus interest at the same rate

22  and for the same period of time as that earned by the Settlement Fund until paid. Plaintiffs' Co-Lead

23  Counsel's efforts over the last six plus years have been without compensation of any kind and the fee

24  has been wholly contingent upon the result achieved.

25

26  _____

27  [1]      Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth
in the Stipulation which was previously filed with the Court.

28

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI     - 1 -

1   The amount requested is warranted in light of the substantial recovery obtained for the Class,

2   the extensive efforts of counsel in obtaining this highly favorable result, and the significant risks in

3   bringing and prosecuting this Action.[2]  This Action was prosecuted under the provisions of the

4   Private Securities Litigation Reform Act of 1995 ("PSLRA") and, therefore, was extremely risky and

5   difficult from the outset.  The effect of the PSLRA is to make it harder for investors to bring and

6   successfully conclude securities class actions.  As retired Supreme Court Justice Sandra Day

7   O'Conner recognized: "To be successful, a securities class-action plaintiff must thread the eye of a

8   needle made smaller and smaller over the years by judicial decree and congressional action." *Alaska*

9   *Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009).  Indeed, a study of

10  securities class action cases filed between 1996 and 2001 found that 35% of the cases filed were

11  dismissed.  *See Securities Class Action Case Filings 2007: A Year in Review*, at 3 (Cornerstone

12  Research 2008), http://cornerstone.com.

13  In addition to the substantiated risks in prosecuting this Action, the skill and effort required

14  to achieve the Settlement was substantial.  Plaintiffs' Co-Lead Counsel marshaled considerable

15  resources and committed substantial amounts of time and expense in the research, investigation, and

16  prosecution of this Action.  The Settlement was not achieved until Lead Plaintiffs and their counsel,

17  *inter alia*:

18  •   reviewed and analyzed all relevant publicly available information regarding Gilead

19      Sciences, Inc. ("Gilead"), including its filings with the Securities and Exchange

20      Commission ("SEC"), financial statements, press releases, conference call

21      transcripts, analysts' reports, notes prepared by securities firms, and United States

22      Food and Drug Administration ("FDA") public notices concerning Gilead;

23  

---

24  [2]   Submitted herewith in support of approval of the proposed Settlement is the Notice of

25  Motion and Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and Memorandum of Points and Authorities in Support Thereof (the "Settlement Brief") and the Joint Declaration.  The Joint Declaration more fully describes the history

26  of the Action, the claims asserted, the investigation undertaken, the negotiation and substance of the Settlement, the substantial risks of the Action, and the reasonableness of the fee and expense request.

27  Also submitted herewith are declarations from Plaintiffs' Counsel, which set forth the expenses incurred in prosecuting the Action.

28

1      • located and interviewed dozens of witnesses, including former Gilead employees in
2         various states with the assistance of in-house and outside private investigators;
3      • reviewed and analyzed documents produced from various sources which required
4         understanding the technical and scientific issues in the Action;
5      • researched the law pertinent to the claims and defenses asserted;
6      • consulted extensively with medical experts on issues related to pharmaceutical
7         marketing and FDA rules, regulations and procedures, and related issues;
8      • analyzed the damages suffered by the Class and consulted with economic experts
9         regarding the calculation of damages, loss causation, and materiality;
10     • filed a detailed Consolidated Amended Class Action Complaint for Violation of
11        Federal Securities Laws on April 30, 2004 (the "Consolidated Complaint"), as well
12        as four amended, fact specific complaints;
13     • litigated five motions to dismiss, ultimately defeating (in the main) Defendants'
14        challenges to the Fifth Consolidated Amended Class Action Complaint for Violation
15        of Federal Securities Laws (the "Fifth Amended Complaint");
16     • successfully litigated the appeal of the dismissal of this Action with prejudice before
17        the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit");
18     • assisted Lead Plaintiffs in preparing responses to Defendants' discovery requests;
19     • prepared and propounded discovery requests to Defendants; and
20     • successfully negotiated a highly favorable settlement for the Class after extensive
21        arms'-length negotiations with the substantial assistance of the Honorable Layn R.
22        Phillips (Ret.).

23     Plaintiffs' Counsel and their paraprofessionals combined expended over 8,800 hours in the

24     prosecution of this Action with a resulting lodestar of $4,548,324.25 million. The requested fee of

25     30% of the Settlement Fund, or $2,475,000 is significantly less than the lodestar in the case.

26        Plaintiffs' Co-Lead Counsel undertook the representation of the Class on a contingent fee

27     basis and no payment has been made to date for their services or for the litigation expenses they have

28     incurred on behalf of the Class for the last six plus years. Plaintiffs' Co-Lead Counsel believe that

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI        - 3 -

1  the Settlement is the result of their creative and diligent services, as well as their reputations as

2  attorneys who are unwavering in their dedication to the interests of the class and unafraid to

3  zealously prosecute a meritorious case through trial and subsequent appeals.  In a case asserting

4  claims based on complex legal and factual issues which were vigorously opposed by highly skilled

5  and experienced defense counsel, Plaintiffs' Co-Lead Counsel succeeded in securing a very good

6  result for the Class under difficult and challenging circumstances.

7      As discussed herein, as well as in the Settlement Brief and the Joint Declaration, the

8  requested fee is fair and reasonable when considered under the applicable standards in the Ninth

9  Circuit and is within the range of awards in class actions in this Circuit and courts nationwide.

10 Moreover, the expenses requested are reasonable in amount and were necessarily incurred for the

11 successful prosecution of this Action.

12 ## II.   AWARD OF ATTORNEYS' FEES

13 ### A.   A Reasonable Percentage of the Fund Recovered Is the Appropriate
         Approach to Awarding Attorneys' Fees in Common Fund Cases

14

15      For their efforts in creating a common fund for the benefit of the Class, Plaintiffs' Co-Lead

16 Counsel seek as attorneys' fees a reasonable percentage of the fund recovered for the Class.  In

17 recent years, the percentage-of-recovery method has become the prevailing method for awarding

18 fees in common fund cases in this Circuit and throughout the United States.  A percentage fee is

19 desirable because it most fairly correlates the compensation of counsel to the benefit conferred upon

20 the class.

21      It has long been recognized in equity that "a private plaintiff, or his attorney, whose efforts

22 create, discover, increase or preserve a fund to which others also have a claim is entitled to recover

23 from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*,

24 557 F.2d 759, 769 (9th Cir. 1977).  The purpose of this doctrine is to avoid unjust enrichment so that

25 "those who benefit from the creation of the fund should share the wealth with the lawyers whose

26 skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300

27 (9th Cir. 1994) ("*WPPSS*").  This rule, known as the common fund doctrine, is firmly rooted in

28 American case law.  *See, e.g., Trustees v. Greenough*, 105 U.S. 527, 532-37 (1882); *Cent. R.R. &*

*Banking Co. v. Pettus*, 113 U.S. 116, 123 (1885). As the Ninth Circuit explained in *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989):

> Since the Supreme Court's 1885 decision in [*Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885)], it is well settled that the lawyer who creates a common fund is allowed an **extra** reward, beyond that which he has arranged with his client, so that he might share the wealth of those upon whom he has conferred a benefit. The amount of such a reward is that which is deemed "reasonable" under the circumstances.

*Id.* at 271 (emphasis in original; citations omitted).

In *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984), the Supreme Court recognized that under the "common fund doctrine" a reasonable fee may be based "on a percentage of the fund bestowed on the class." In this Circuit, the district court has discretion to award fees in common fund cases based on either the "lodestar/multiplier" method or the percentage-of-the-fund method. *WPPSS*, 19 F.3d at 1295-96. In *Paul, Johnson*, 886 F.2d at 272, *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990), *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993), and *Vizcaino v. MicroSoft Corp.*, 290 F.3d 1043 (9th Cir. 2002), the Ninth Circuit expressly approved the use of the percentage method in common fund cases. Supporting authority for the percentage method in other circuits and by commentators is overwhelming.[3]

Since *Paul, Johnson* and its progeny, Ninth Circuit courts have been virtually unanimous in adopting the percentage method of awarding fees in representative actions. Compensating counsel in common fund cases on a percentage basis makes good sense. First, it is consistent with the practice in the private marketplace where contingent fee attorneys are customarily compensated by a

---

[3]     *See, e.g., In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821-22 (3d Cir. 1995); *Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 515-17 (6th Cir. 1993); *Florin v. Nationsbank, N.A.*, 34 F.3d 560, 564-65 (7th Cir. 1994); *Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996); *WPPSS*, 19 F.3d at 1296; *Gottlieb v. Barry*, 43 F.3d 474, 487 (10th Cir. 1994) (authorizing percentage approach and holding that use of lodestar/multiplier method was abuse of discretion); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("After reviewing *Blum*, the [Third Circuit] Task Force Report, and . . . cases from other circuits, we believe that the percentage of the fund approach is the better reasoned in a common fund case."); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993) (percentage of the fund recovered is the only permissible measure of awarding fees in common fund cases).

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI

percentage of the recovery.  Second, it more closely aligns the lawyers' interest in being paid a fair fee with the interest of the class in achieving the maximum possible recovery in the shortest amount of time.  Indeed, one of the nation's leading scholars in the field of class actions and attorneys' fees, Professor Charles Silver of the University of Texas School of Law, has concluded that the percentage method of awarding fees is the only method of fee awards that is consistent with class members' due process rights.  Charles Silver, *Class Actions in the Gulf South Symposium: Due Process and the Lodestar Method: You Can't Get There from Here*, 74 Tul. L. Rev. 1809, 1819-20 (June 2000).  Third, use of the percentage method decreases the burden imposed on the court by eliminating the detailed and time consuming lodestar analysis while assuring that the beneficiaries do not experience undue delay in receiving their share of the settlement.  *See In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989).

## B.   A Percentage Fee of 30% of the Fund Created Is Reasonable in This Case

The guiding principle in this Circuit is that a fee award be "'reasonable under the circumstances.'"  *WPPSS*, 19 F.3d at 1296 (citation and emphasis omitted).  In view of the significant risks in pursuing this litigation, the highly favorable result obtained, the financial commitment of Plaintiffs' Co-Lead Counsel, the contingent nature of the representation, and the skill of Plaintiffs' Co-Lead Counsel, an award of 30% of the recovery obtained for the Class is appropriate.

### 1.   The Result Achieved

Plaintiffs' Co-Lead Counsel have achieved a substantial and certain cash payment of $8,250,000 plus interest for the benefit of the Class without the substantial risk, delay, expense, and uncertainty of continued litigation and trial.  Courts have consistently recognized that the result achieved is a major factor to be considered in making fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained"); *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 630 (D. Colo. 1976) ("the amount of the recovery, and end result achieved are of primary importance, for these are the true benefit to the client"); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 547-48 (S.D. Fla. 1988) ("The quality of work performed in a case that settles

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI          - 6 -

1    before trial is best measured by the benefit obtained."), *aff'd*, 899 F.2d 21 (11th Cir. 1990).  The

2    $8,250,000 cash settlement is a highly favorable result for the Class that was achieved as a direct

3    result of the skill and tenacity of Plaintiffs' Co-Lead Counsel's prosecution of this Action on behalf

4    of the Class.  There is no question that Plaintiffs' Co-Lead Counsel overcame difficult obstacles and

5    took significant risks in obtaining this favorable result for the Class.

6          While Lead Plaintiffs believe that their claims have substantial merit, if litigation were to

7    continue there is, nonetheless, a significant risk that the Class could recover less than the amount of

8    the Settlement or nothing.  Throughout the Action, Defendants have consistently maintained that

9    Lead Plaintiffs could not establish liability or damages and have challenged virtually every factual

10   and legal issue in this Action in an effort to defeat Lead Plaintiffs' claims.  Despite Defendants'

11   extensive efforts, Plaintiffs' Co-Lead Counsel were able to achieve a good result for the Class under

12   challenging circumstances.  The Settlement will provide Class Members compensation for their

13   losses in Gilead Publicly Traded Securities, and avoid the substantial expense, delay, and uncertainty

14   of continued litigation.  The $8.25 million recovery for the Class strongly supports the requested fee

15   award.

16          **2.      A 30% Fee Award Is Consistent With Fees Awarded in Similar**
             **Complex Class Action Litigation**

17          Courts often look to fees awarded in comparable cases to determine if the fee requested is

18   reasonable.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.4 (9th Cir. 2002).  As

19   demonstrated by the decisions cited in Appendix A attached hereto, fees of 30% or more have been

20   awarded by this Court in this Circuit and District and in numerous other similar cases throughout the

21   country.

22          The requested fee is also consistent with an analysis of fee awards in class actions conducted

23   in 2010 by National Economic Research Associates ("NERA"), an economics consulting firm.

24   Using data from securities class actions from January 1, 1996 through June 30, 2010, the study found

25   that for settlements of less than $10 million, where this Settlement falls, the median fee award was

26   30% of the settlement amount.  Dr. Jordan Milev, Robert Patton, Dr. Stephanie Plancich, and

27

28

1 Svetlana Starykh, *Trends 2010 Mid-Year Study: Filings Decline as the Wave of Credit Crisis Cases*

2 *Subsides, Median Settlement at Record High*, at 27 (NERA July 2010) (Figure 22).

3       The requested fee is also consistent with a Federal Judiciary Center study released in 1996,

4 which covered all class actions in four selected district courts with a high number of class actions,

5 including the Northern District of California, found that as to the size of attorneys' fees: "Median

6 rates ranged from 27% to 30%."  Thomas E. Willging, Laural L. Hooper & Robert J. Niemic,

7 *Empirical Study of Class Actions in Four Federal District Courts:  Final Report to the Advisory*

8 *Committee on Civil Rules*, at 69 (Federal Judicial Center 1996).

9       Further, fee awards in securities and other class action cases support the requested fee:

10      •  *In re TeleTech Litig.*, No. 1:08-cv-00913-LTS (S.D.N.Y. June 11, 2010) (awarded

11         30% of the recovery, plus expenses);

12      •  *In re PETCO Animal Supplies, Inc. S'holder Litig.*, No. GIC 869399 (San Diego

13         Super. Ct. Mar. 26, 2010) (awarded 30% of recovery, plus expenses);

14      •  *In re Prestige Brands Holdings, Inc. Sec. Litig.*, No. 7:05-cv-06924-CS (S.D.N.Y.

15         Dec. 7, 2009) (awarded 30% of the recovery, plus expenses);

16      •  *Aviva Partners LLC v. Exide Techs.*, No. 3:05-cv-03098-MLC-LHG (D.N.J. June 23,

17         2009) (awarded 30% of the recovery, plus expenses);

18      •  *In re LaBranche Sec. Litig.*, No. 03-CV-8201(RWS) (S.D.N.Y. Jan. 22, 2009)

19         (awarded 30% of the recovery, plus expenses);

20      •  *In re UICI Sec. Litig.*, No. 3:04-CV-1149-P (N.D. Tex. Jan. 23, 2008) (fee equal to

21         30% of recovery, plus expenses);

22      •  *Moorhead v. CONSOL Energy, Inc.*, No. 2:03-cv-01588-TFM (W.D. Pa. May 14,

23         2007) (awarding 33-1/3% of recovery, plus expenses);

24      •  *In re CV Therapeutics, Inc., Sec. Litig.*, No. C-03-3709 SI (N.D. Cal. Apr. 4, 2007)

25         (finding award of 30% of the settlement fund is consistent with awards in other

26         cases);

27      •  *Wade v. Bayer AG, et al.*, No. CT-004748-06 (Shelby County, Tenn. Cir. Ct. Dec. 7,

28         2006) (awarded 33-1/3% of recovery, plus expenses);

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI    - 8 -

- *In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*, No. 02-ML-1475-DT(RCx), 2005 U.S. Dist. LEXIS 13627, at *61 (C.D. Cal. June 10, 2005) (awarding one-third of $27,783,000 settlement fund);

- *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005) (upholding award of one-third of $7.25 million settlement fund in securities class action);

- *In re Canadian Superior Energy Inc. Sec. Litig.*, No. 04-CV-02020(RO) (S.D.N.Y. Oct. 19, 2005) (fee award equal to 33% of recovery, plus expenses);

- *In re Aetna Inc. Sec. Litig.*, MDL No. 1219, 2001 U.S. Dist. LEXIS 68 (E.D. Pa. Jan. 4, 2001) (30% fee awarded on $82.5 million settlement);

- *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (upheld fee award of 33.3% of $1.725 million settlement); and

- *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 197 (E.D. Pa. 2000) (awarded fee of 30% of net settlement of $111 million).[4]

Moreover, if this were a non-representative litigation, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery.  The Supreme Court in *Blum* stated:

> "In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers.  In those cases, therefore, the fee is directly proportional to the recovery."

465 U.S. at 903* (citation omitted); *Ikon*, 194 F.R.D. at 194 ("in private contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate agreements providing for between

---

[4]    *See also In re Old CCA Sec. Litig.*, No. 3:99-0458, 2001 U.S. Dist. LEXIS 21942 (M.D. Tenn. Feb. 9, 2001) (30% fee awarded in $104 million settlement); *Harris v. Intel Corp.*, No. C-00-1528-CW(EMC), slip op. (N.D. Cal. July 15, 2003) (fee equal to 30% of recovery, plus expenses); *In re LifeScan, Inc. Consumer Litig.*, No. C-98-20321-JF, slip op. (N.D. Cal. Mar. 18, 2002) (33% fee awarded plus expenses); *In re HI/FN, Inc. Sec. Litig.*, No. C-99-4531-SI, slip op. (N.D. Cal. May 20, 2003) (fee equal to 30% of recovery, plus expenses); *In re Micro Focus Sec. Litig.*, No. C-01-1352-SBA, slip op. (N.D. Cal. Dec. 17, 2002) (fee equal to 30% of recovery, plus expenses); *In re Secure Computing Corp. Sec. Litig.*, No. C-99-1927-CW, slip op. (N.D. Cal. Nov. 19, 2002) (fee equal to 30% of recovery, plus expenses); *Rosenberg v. Hybrid Networks, Inc.*, No. C-98-20956-RMW, slip op. (N.D. Cal. Sept. 17, 2002) (fee equal to 30% of recovery, plus expenses); *In re Sybase Inc. Sec. Litig.*, No. C-98-0252-CAL, slip op. (N.D. Cal. Sept. 29, 2000) (fee equal to 30% of recovery, plus expenses); and *In re Adac Labs. Sec. Litig.*, No. C-98-4934-MHP, slip op. (N.D. Cal. Sept. 18, 2000) (fee equal to 30% of recovery, plus expenses).

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI          - 9 -

1   thirty and forty percent of any recovery"); *In re M.D.C. Holdings Sec. Litig.*, No. CV 89-0090 E (M),

2   1990 U.S. Dist. LEXIS 15488, at *22 (S.D. Cal. Aug. 30, 1990) ("In private contingent litigation, fee

3   contracts have traditionally ranged between 30% and 40% of the total recovery.").

### 3.   The Attorneys' Fees Requested Are Fair and Reasonable in Light of the Contingent Nature of the Representation

Plaintiffs' Co-Lead Counsel undertook this Action on a contingent fee basis, assuming a

significant risk that the Action would yield no recovery and leave them uncompensated. Unlike

counsel for Defendants, who are paid an hourly rate and paid for their expenses on a regular basis,

Plaintiffs' Counsel have not been compensated for any time or expense since this case began in

November 2003, expending some 8,891.45 hours equating to over $4.5 million in lodestar in

obtaining this result for the Class, knowing that if their efforts were not successful, no fee would be

generated. Courts have consistently recognized that the risk of receiving little or no recovery is a

major factor in considering an award of attorneys' fees. For example, in awarding counsel's

attorneys' fees in *In re Prudential-Bache Energy Income P'ships Sec. Litig.*, No. 888, 1994 U.S.

Dist. LEXIS 6621, at *16 (E.D. La. May 18, 1994), the court noted the risks that plaintiffs' counsel

had taken:

> Although today it might appear that risk was not great based on Prudential Securities' global settlement with the Securities and Exchange Commission, such was not the case when the action was commenced and throughout most of the litigation. Counsel's contingent fee risk is an important factor in determining the fee award. Success is never guaranteed and counsel faced serious risks since both trial and judicial review are unpredictable. Counsel advanced all of the costs of litigation, a not insubstantial amount, and bore the additional risk of unsuccessful prosecution.

The Seventh Circuit recently confirmed that the risk of loss is real and should be considered in a

motion for attorneys' fees. It reversed the district court's order that had rejected counsel's

contention that lawyers faced the risk of nonpayment. *Sutton v. Bernard*, 504 F.3d 688, 694 (7th Cir.

2007).

While securities cases have always been complex and difficult to prosecute, the PSLRA has

only increased the difficulty in successfully prosecuting a securities class action. Indeed, the risk of

no recovery in complex cases of this type is very real. There are numerous cases where plaintiffs'

counsel in contingent cases such as this, after the expenditure of thousands of hours, have received

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI       - 10 -

1  no compensation.  Plaintiffs' Co-Lead Counsel are aware of many hard-fought lawsuits where,

2  because of the discovery of facts unknown when the case was commenced, or changes in the law

3  during the pendency of the case, or a decision of a judge or jury following a trial on the merits,

4  excellent professional efforts of members of the plaintiffs' bar produced no fee for counsel.  Two

5  recent examples highlight this point.  In a case against JDS Uniphase Corporation, after a lengthy

6  trial involving securities claims, the jury reached a verdict in defendants' favor.  *See In re JDS*

7  *Uniphase Corp. Sec. Litig.*, No. C 02-1486 CW (EDL), 2007 WL 4788556 (N.D. Cal. Nov. 27,

8  2007).[5]  While the Ninth Circuit recently reversed the decision, the court in *In re Apollo Group, Inc.*

9  *Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4, 2008),

10 *rev'd*, No. 08-16971, 2010 U.S. Dist. App. LEXIS 14478 (9th Cir. June 23, 2010), on a motion for

11 judgment as a matter of law, overturned a jury verdict of $277 million in favor of shareholders based

12 on insufficient evidence presented at trial to establish loss causation.

13      Because the fee in this matter was entirely contingent, the only certainties were that there

14 would be no fee without a successful result and that such a successful result would be realized only

15 after considerable and difficult effort.  Plaintiffs' Co-Lead Counsel committed significant resources

16 of both time and money to the vigorous and successful prosecution of this Action for the benefit of

17 the Class.   The contingent nature of counsel's representation strongly favors approval of the

18 requested fee.

19              **4.      The Risks of the Litigation and the Novelty and Difficulty of**
                         **the Questions Presented**
20

21      Numerous cases have recognized that risk as well as the novelty and difficulty of the issues

22 presented are important factors in determining a fee award.  *E.g.*, *Vizcaino*, 290 F.3d at 1048;

23 *WPPSS*, 19 F.3d at 1299-1301.  Uncertainty that an ultimate recovery would be obtained is highly

24

25

---

26 [5]      *See also AUSA Life Ins. Co. v. Ernst & Young*, 39 Fed. Appx. 667 (2d Cir. 2002) (affirming
   district court's dismissal after a full bench trial and earlier appeal and remand); *Winkler v. NRD*
27 *Mining, Ltd.*, 198 F.R.D. 355 (E.D.N.Y.) (granting defendants' motion for judgment as a matter of
   law after jury verdict for plaintiffs), *aff'd sub nom. Winkler v. Wigley*, 242 F.3d 369 (2d Cir. 2000).

28

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI      - 11 -

1  relevant in determining risk. *WPPSS*, 19 F.3d at 1300. As the court aptly observed in *King*

2  *Resources*:

> The litigation also involved unique and substantial issues of law in the
> technical area of SEC Rule 10b-5, . . . difficult, complex and oft-disputed class action
> questions, and difficult questions regarding computation of damages. . . .
>
> In evaluating the services rendered in this case, appropriate consideration
> must be given to the risks assumed by plaintiffs' counsel in undertaking the
> litigation. The prospects of success were by no means certain at the outset, and
> indeed, the chances of success were highly speculative and problematical.

7  420 F. Supp. at 632, 636-37.

8      There is no question that from the outset, this Action presented a number of sharply contested

9  issues of both fact and law and that Lead Plaintiffs faced formidable defenses to liability and

10 damages. Throughout the Action, Defendants have adamantly denied liability and asserted that they

11 had absolute defenses to Lead Plaintiffs' claims. *See Churchill Vill., L.L.C. v. GE*, 361 F.3d 566,

12 576 (9th Cir. 2004) (concluding that the district court properly weighed risk when it concluded

13 defendant's belief that it had a strong case on the merits supporting finding of risk).

14     As discussed in the Joint Declaration and the Settlement Brief, substantial risks and

15 uncertainties in this type of litigation, and in this case in particular, made it far from certain that a

16 recovery, let alone $8.25 million, would ultimately be obtained. From the outset, this post-PSLRA

17 action was an especially difficult and highly uncertain securities case, with no assurance whatsoever

18 that the Action would survive Defendants' attacks on the pleadings, motion for summary judgment,

19 trial, and appeal. Indeed, courts have recognized that "securities actions have become more difficult

20 from a plaintiff's perspective in the wake of the PSLRA." *Ikon*, 194 F.R.D. at 194. As one court

21 noted: "An unfortunate byproduct of the PSLRA is that potentially meritorious suits will be short-

22 circuited by the heightened pleading standard." *Bryant v. Avado Brands, Inc.*, 100 F. Supp. 2d 1368,

23 1377 (M.D. Ga. 2000), *rev'd on other grounds and remanded sub nom. Bryant v. Dupree*, 252 F.3d

24 1161 (11th Cir. 2001).[6] The pleading requirements in private securities litigation are very

25

26

27    [6]    Even before the passage of the PSLRA, courts had noted that a securities case "by its very

28 nature, is a complex animal." *Clark v. Lomas & Nettleton Fin. Corp.*, 79 F.R.D. 641, 654 (N.D.

1   demanding and the Ninth Circuit's decision in *Silicon Graphics* and its progeny established what is

2   commonly accepted to be the most stringent standards of any circuit to pleading a §10(b) claim.

3         The application of the PSLRA to this Action posed significant risks to Lead Plaintiffs' ability

4   to survive Defendants' motions to dismiss.  Subsequent to the passage of the PSLRA, many cases in

5   this Circuit and courts across the country have been dismissed at the pleading stage in response to

6   defendants' arguments that the complaints do not meet the PSLRA's heightened pleading standards

7   making it clear that the risk of no recovery (and hence no fee) has increased exponentially.  *See*

8   *Goldstein v. MCI WorldCom*, 340 F.3d 238, 241 (5th Cir. 2003) (affirming dismissal of securities

9   fraud action against Bernard Ebbers and WorldCom even though Ebbers was later convicted

10  criminally).  Lead Plaintiffs faced this very same risk in this Action.  Lead Plaintiffs' claims were

11  dismissed with prejudice at the pleading stage.  It was only after extensive appellate proceedings

12  before the Ninth Circuit and additional motion practice before this Court that the Lead Plaintiffs' and

13  the Class's claims survived Defendants' motions directed at the pleadings.

14        Although Lead Plaintiffs' claims ultimately got past the pleading stage, very difficult issues

15  of proof remained as to key elements of a claim for securities fraud.  As discussed in more detail in

16  the Settlement Brief and Joint Declaration, the parties strongly disagreed about liability and

17  damages.  The crux of the case is that Gilead's stock price was artificially inflated throughout the

18  Class Period as a result of Defendants' failure to disclose Gilead's sale of one of its most important

19  HIV/AIDS drugs Viread, was driven by illegal off-label marketing.  The Defendants would assert

20  substantive defenses to Lead Plaintiffs' allegations and have denied that they engaged in any illegal

21  off-label marketing of Viread.

22

23

24  Tex. 1978), *vacated on other grounds*, 625 F.2d 49 (5th Cir. 1980).  *See also Miller v. Woodmoor*
    *Corp.*, No. 74-F-988, 1978 U.S. Dist. LEXIS 15234, at *11-*12 (D. Colo. Sept. 28, 1978):

25

26          The benefit to the class must also be viewed in its relationship to the
        complexity, magnitude, and novelty of the case. . . .  Despite years of litigation, the
27      area of securities law has gained little predictability.  There are few "routine" or
        "simple" securities actions.

28

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI

1    Assuming Lead Plaintiffs were able to overcome Defendants' inevitable motions for

2 summary judgment, and prove liability at trial, they still would have faced significant risks in

3 proving loss causation and damages.   The determination of loss causation and damages is a

4 complicated and subjective process, involving the analysis of many subjective factors. Proving loss

5 causation would have been one of the major issues if this Action continued. Because of the complex

6 nature of establishing loss causation and damages, expert testimony is almost always necessary to

7 establish the amount – and indeed the existence – of actual damages.   The damage assessments of

8 the parties' respective experts would likely be polar opposites and the determination of the amount,

9 if any, of damages suffered by the Class at trial would have turned into a "battle of the experts." To

10 the extent that the Defendants could prevail on issues relating to liability or show that any

11 assumptions made by Lead Plaintiffs' experts were incorrect or unreliable or could show that any

12 portion of the market drop was due to factors other than the alleged fraud or that the market was

13 inefficient, Lead Plaintiffs' claimed damages could be significantly reduced or none at all.

14    Moreover, even if Lead Plaintiffs survived summary judgment and were successful against

15 Defendants at trial and obtained a significant judgment for the Class, Lead Plaintiffs' efforts to

16 establish liability and damages in the Action, in all likelihood would not end with a judgment in the

17 District Court, but would continue through one or more levels of appellate review.   In complex and

18 substantial cases such as this, it must be recognized that even a victory at the trial stage does not

19 guarantee ultimate success.  Both trial and judicial review are unpredictable and could seriously and

20 adversely affect the scope of an ultimate recovery, if not the recovery itself.   Indeed, as the court

21 observed in *In re Warner Commc'ns Sec. Litig.*:

22    Even a victory at trial is not a guarantee of ultimate success.  If plaintiffs were
     successful at trial and obtained a judgment for substantially more than the amount of
23    the proposed settlement, the defendants would appeal such judgment.  An appeal
     could seriously and adversely affect the scope of an ultimate recovery, if not the
24    recovery itself.

25 618 F. Supp. 735, 747-48 (citing numerous examples) (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir.

26 1986).

27

28

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI     - 14 -

1     In sum, this highly complex case has been extensively litigated and vigorously contested over

2 an extended period of time. Despite the novelty and difficulty of the issues raised, counsel secured a

3 good result for the Class. As a result, this factor strongly supports the requested award.

4         **5.     The Skill Required and the Quality and Efficiency of the Work**

5     The "'prosecution and management of a complex national class action requires unique legal

6 skills and abilities.'" *Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at *39 (citation omitted).

7 Plaintiffs' Co-Lead Counsel are nationally known leaders in the fields of securities class actions and

8 complex litigation. The recovery obtained for the Class is the direct result of the significant efforts

9 of highly skilled and specialized attorneys who possess substantial experience in the prosecution of

10 complex securities class actions.[7] Lead Plaintiffs' counsel's reputations as attorneys who will

11 zealously carry a meritorious case through the trial and appellate levels as well as their demonstrable

12 ability to vigorously develop the evidence in this Action enabled them to negotiate the favorable

13 recovery for the benefit of the Class.

14     Unlike those cases where plaintiffs' counsel were able to "free ride" on the work of others

15 (such as the SEC or other governmental agency), here Lead Plaintiffs' counsel – and only Lead

16 Plaintiffs' counsel – developed the case against Defendants. As a result, Lead Plaintiffs' counsel's

17 efforts in achieving this favorable settlement should be accorded greater weight.[8] The quality and

18 vigor of opposing counsel is also important when the court evaluates the services rendered by

19 plaintiffs' counsel. *See, e.g., Warner Commc'ns*, 618 F. Supp. at 749 ("The quality of opposing

20 ─────────────────────

21 [7]     The experience of the law firms that represent Lead Plaintiffs in this Action are set forth in
the accompanying declarations of Lead Plaintiffs' counsel. As those submissions show, Lead
22 Plaintiffs' counsel are highly regarded and practice extensively in the highly complex field of
shareholder securities litigation.

23 [8]     *See In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (in awarding
24 25% of a $193 million settlement fund, the court noted the skill and efficiency of plaintiffs' counsel
and outstanding results "in a litigation that was far ahead of public agencies like the [SEC] and the
25 United States Department of Justice, which long after the institution of this litigation awakened to
the concerns that plaintiffs' counsel first identified"); *Maley v. Del Global Techs. Corp.*, 186
26 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (In awarding 33-1/3% of the settlement fund, the court noted,
"[i]n this Action, Plaintiffs' Class Counsel did not 'piggy back' on any prior governmental
27 action . . . . Plaintiffs' Class Counsel developed, litigated and successfully negotiated this Action by
themselves, expending substantial time and effort.").

28

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI     - 15 -

counsel is also important in evaluating the quality of plaintiffs' counsels' work."). Defendants are represented by Cooley LLP, among the finest defense firms in the country with substantial experience in the defense of complex securities litigation. The ability of Plaintiffs' Co-Lead Counsel to obtain a favorable result for the Class in the face of such formidable opposition further evidences the quality of their work.

### III. COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED

Plaintiffs' Co-Lead Counsel also request payment of expenses incurred by them in connection with the prosecution of this Action. Plaintiffs' Counsel have submitted separate declarations attesting to the expenses incurred in this Action.

Counsel have incurred expenses in the aggregate amount of $282,906.73 in prosecuting this Action. These expenses are categorized in the declarations of Plaintiffs' Counsel, submitted to the Court herewith.

The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'") (citation omitted). *See also Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 725-26 (10th Cir. 1993) (expenses paid if they would normally be billed to client); *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (expenses recoverable if customary to bill clients for them). The categories of expenses for which counsel seek payment here are the type of expenses routinely charged to hourly clients and, therefore, should be paid out of the common fund.

A significant component of Plaintiffs' Co-Lead Counsel's expenses is the cost of their experts, consultants, and investigators. In the post-PSLRA and *Silicon Graphics* era, the use of professional investigators to gather detailed fact-specific information from percipient witnesses in order to plead complaints that will survive motions to dismiss is a necessity. These outside private investigators conducted a substantial amount of work on behalf of the Class. They were able to

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI     - 16 -

identify, locate, and interview numerous witnesses who had knowledge of the alleged wrongdoing. Counsel used the fruits of this extensive investigation to plead fact specific complaints, identify potential witnesses with relevant information concerning the alleged wrongdoing, evaluate the strengths and weaknesses of Lead Plaintiffs' case, and assist in settlement negotiations.   The investigators were instrumental in helping Lead Plaintiffs achieve this result for the benefit of the Class.

Plaintiffs' Co-Lead Counsel also incurred expenses of economic and damage consultants. These consultants performed several important tasks for counsel, including researching Gilead's stock price activity and comparing it with other companies in its peer group, preparing damages analyses, preparing the Plan of Allocation of settlement proceeds.  Plaintiffs' Co-Lead Counsel also consulted with experts in the medical field on issues related to pharmaceutical marketing and FDA rules, regulations, and procedures.

Other expenses include the costs of computerized research.  These are the charges for computerized factual and legal research services, including LexisNexis, Westlaw, Dow Jones, Disclosure, Inc., CDA Investment Technologies, Pacer Service Center, and Choice Point.  It is standard practice for attorneys to use these services to assist them in researching legal and factual issues.  These services, among other things, allowed counsel to access Gilead's SEC filings, perform media searches on Gilead, obtain analysts' reports on Gilead, assist in developing Lead Plaintiffs' damages analyses, and allowed counsel to locate and obtain information on witnesses and Defendants.

Plaintiffs' Co-Lead Counsel were also required to travel in connection with this Action and thus incurred the related costs of meals, lodging, and transportation.  Counsel in this case traveled to attend court hearings, client meetings, witness interviews, and to attend the mediation.   Other expenses that were necessarily incurred in the prosecution of this Action include expenses for photocopying, mediation fees, filing fees, postage and overnight delivery, and telephone and telecopier expenses.

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI   - 17 -

1

IV.   **CONCLUSION**

2          Based on the foregoing and upon the entire record herein, Plaintiffs' Co-Lead Counsel

3   respectfully submit that the Court award attorneys' fees in the amount of 30% of the Settlement

4   Fund plus expenses in the amount of $282,906.73, plus the interest earned thereon at the same rate

5   and for the same period as that earned on that portion of the Settlement Fund until paid.

6   DATED:  September 16, 2010                    Respectfully submitted,

7                                                ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
8                                                JEFFREY D. LIGHT

9

10                                               _____
                                                        s/ Jeffrey D. Light
                                                      JEFFREY D. LIGHT

11
                                                 655 W. Broadway, Suite 1900
12                                               San Diego, CA 92101
                                                 Telephone: 619/231-1058
13                                               619/231-7423 (fax)

14                                               ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
15                                               SANFORD SVETCOV
                                                 SUSAN K. ALEXANDER
16                                               Post Montgomery Center
                                                 One Montgomery Street, Suite 1800
17                                               San Francisco, CA 94104
                                                 Telephone: 415/288-4545
18                                               415/288-4534 (fax)

19                                               ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
20                                               DAVID J. GEORGE
                                                 ROBERT J. ROBBINS
21                                               120 East Palmetto Park Road, Suite 500
                                                 Boca Raton, FL 33432
22                                               Telephone: 561/750-3000
                                                 561/750-3364 (fax)
23
                                                 MILBERG LLP
24                                               JOSHUA H. VINIK
                                                 LORI G. FELDMAN
25                                               ROSS BROOKS
                                                 One Pennsylvania Plaza
26                                               New York, NY 10119
                                                 Telephone: 212/594-5300
27                                               212/868-1229 (fax)

28                                               Co-Lead Counsel for Plaintiffs

577727_2

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI     - 18 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAPLAN FOX & KILSHEIMER LLP
LAURENCE D. KING
350 Sansome Street, Suite 400
San Francisco, CA  94104
Telephone:  415/772-4700
415/772-4707 (fax)

Additional Counsel for Plaintiffs

PLAINTIFFS' CO-LEAD COUNSEL'S NOTICE OF MOTION & MOTION FOR AWARD OF
ATTORNEYS' FEES & EXPENSES & MEMO OF P'S & A'S IN SUPPORT THEREOF - C-03-4999-SI

# APPENDIX A

Cases In Which Award Of Fees
Equalled Or Exceeded 30% Of The Fund Plus Expenses

1.   *Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195 (S.D.N.Y. 1979) (fee equal to 53.2% of recovery, plus costs);

2.   *Lewis v. Musham*, [1981 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,946 (S.D.N.Y. 1981) (fee equal to 49% of total recovery);

3.   *Sharp v. Coopers & Lybrand*, No. 75-1313 (E.D. Pa. July 2, 1981) (fee equal to 47.95% of recovery, plus expenses);

4.   *Abzug v. Kerkorian*, No. CA000981 (Los Angels County Sup. Ct. 1990) (fee equal to 45% of recovery, plus expenses);

5.   *Green v. Emersons, Ltd.*, [1987 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,263 (S.D.N.Y. 1987) (42.6% of the fund, plus expenses);

6.   *Levitin v. A Pea in the Pod, Inc.*, Civil Action No. 3:94-CV-0247D (N.D. Tex. Mar. 27, 1998) (fee award equal to 40% of recovery, plus expenses);

7.   *Haitz v. Meyer*, No. 572968-3 (Alameda County Sup. Ct. Aug. 20, 1990) (fee award equal to 40% of recovery, plus expenses);

8.   *In re Atlantic Financial Management, Inc. Sec. Litig.*, MDL No. 584 (D. Mass. May 9, 1989) (fee equal to 40% of recovery, plus expenses);

9.   *Valente v. Pepsico, Inc.*, [1979 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,921 (D. Del. 1979) (fee and expense award equal to 38.8% of total recovery);

10.  *Weinberger v. Jackson*, C-89-2301-CAL (N.D. Cal. March 19, 1991) (fee equal to 37% of recovery, plus expenses);

11.  *Van Gemert v. Boeing Co.*, 516 F. Supp. 412 (S.D.N.Y. 1981) (fee and expense award equal to 36.2% of total recovery);

12.  *Adams v. Standard Knitting Mills, Inc.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,377 (E.D. Tenn. 1978) (fee and expense award equal to 35.8% of recovery);

13.  *Baron v. Commercial & Industrial Bank of Memphis*, [1979-1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,132 (S.D.N.Y. 1979) (fee and expense award equal to 35.5% of total recovery);

14.  *B&B Inv. Club v. Kleinert's Inc.*, No. 73-642 (E.D. Pa. 1978) (fee and expense award equal to 35.1% of total recovery);

15.  *Yourish v. California Amplifier, Inc.*, Lead Case No. CIV173569 (Ventura County Sup. Ct. Sept. 14, 2000) (fee equal to 35% of recovery, plus expenses);

- 1 -

16.    *Seaman v. Pratt*, No. 620887 (Orange County Sup. Ct. April 29, 1997) (fee equal to 35% of recovery, plus expenses);

17.    *Harris v. Brinkerhoff*, No. 90-3100-DT(JRx) (C.D. Cal. Feb. 21, 1995) (fee equal to 35% of recovery, plus expenses);

18.    *In re Consolidated Pinnacle West Sec. Litig./Resolution Trust Corporation-MeraBank Litig.*, Master File No. CIV-88-1830-PHX-PAR (D. Ariz. Dec. 30, 1993) (fee equal to 35% of recovery, plus expenses);

19.    *Goldman v. Belzberg*, Case No. C-754698 (Cal. Sup. Ct., L.A. County Nov. 30, 1993) (fee equal to 35% of recovery, plus expenses);

20.    *Lou v. Zax*, Case No. BC015017 (Cal. Sup. Ct., L.A. County Sept. 17, 1993) (fee equal to 35% of recovery, plus expenses);

21.    *Unocal Corporation v. Milken*, No. 90-1281-JSL(Tx) (C.D. Cal. Jan. 3, 1992) (fee equal to 35% of recovery, plus expenses);

22.    *In re De Laurentiis Entertainment Group Inc. Sec. Litig.*, Master File No. CV-88-01582-MRP(Bx) (C.D. Cal. Nov. 14, 1991) (fee equal to 35% of total recovery, plus expenses);

23.    *Cooper v. Hwang*, No. C-86-20146-WAI (N.D. Cal. March 5, 1991) (fee equal to 35% of total recovery, plus expenses);

24.    *In re FPI/Agretech Sec. Litig.*, MDL No. 763 (D. Haw. Dec. 11, 1990) (fee award equal to 35% of total fund, plus expenses);

25.    *A&J Deutscher Family Fund v. Pacific Scientific Co.*, CV-85-1850-PAR(JRx) (C.D. Cal. June 16, 1989) (fee equal to 35% of recovery, plus expenses);

26.    *Steiner v. Whittaker Corporation*, CA000817 (Los Angeles Sup. Ct. March 23, 1989) (fee equal to 35% of recovery, plus expenses);

27.    *Shore v. Parklane Hosiery Co.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,602 (S.D.N.Y. 1980) (fee equal to 35% of total recovery);

28.    *Plascow v. Clausing Corp.*, [1982-1983 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶99,228 (S.D.N.Y. 1983) (fee equal to 34% of recovery, plus expenses);

29.    *In re Apple Computer Sec. Litig.*, Master File No. C-84-20148(a)-JW (N.D. Cal. March 30, 1992) (fee equal to approximately 34% of total recovery, plus expenses);

30.    *Moorhead v. CONSOL Energy, Inc.*, No. 2:03-cv-01588-TFM (W.D. Pa. May 14, 2007) (awarding 33-1/3% of recovery, plus expenses);

31.    *Wade v. Bayer AG, et al.*, No. CT-004748-06 (Shelby County, Tenn. Cir. Ct. Dec. 7, 2006) (awarded 33-1/3% of recovery, plus expenses);

32.  *In re Van der Moolen Holding N.V. Sec. Litig.*, No. 1:03-CV-8284 (S.D.N.Y. Dec. 6, 2006) (fee equal to 33-1/3% of recovery, plus expenses);

33.  *In re Interpool, Inc. Sec. Litig.*, No. 3:04-cv-00321-SRC (D.N.J. Sept. 9, 2006) (awarded 33-1/3% of recovery, plus expenses);

34.  *Denver Area Meat Cutters and Employers Pension Plan v. James L. Clayton, et al.*, Case No. E-19723 (Blount County Tenn. June 8, 2005) (fee award equal to 33-1/3% of recovery, plus expenses);

35.  *Lezin v. MiniMed, Inc., et al.*, Case No. BC251832 (Los Angeles Super. Ct. Aug. 10, 2004) (received fee of 33-1/3% of the fund, plus expenses);

36.  *Franks v. Cheap Tickets, Inc., et al.*, Civil No. 01-1-2376-08-DDD (1st Cir. Haw. July 2, 2004 (fee equal to 33-1/3% of the fund, plus expenses);

37.  *Stenovich v. Eccles*, No. 000907870 (Utah State Ct., Salt Lake County July 28, 2003) (fee equal to 33-1/3% of total recovery, plus expenses);

38.  *In re Select Comfort Corp. Sec. Litig.*, Master File No. 99-884 (D. Minn. Feb. 28, 2003) (fee equal to 33-1/3% of total recovery, plus expenses);

39.  *In re InaCom Corp. Sec. Litig.*, Master File No. 00-701 (D. Del. Jan 14, 2003) (fee equal to 33-1/3% of total recovery, plus expenses);

40.  *In re APAC Teleservices Inc. Sec. Litig.*, No. 97-CIV-9145(BJS) (S.D.N.Y. Dec. 11, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

41.  *In re DrKoop.com*, No. 00-CA-427-JRN (W.D. Tex. Nov. 14, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

42.  *Saddle Rock Partners, Ltd. v. Hiatt*, No. 96-CIV-9474(SHS) (S.D.N.Y. Apr. 12, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

43.  *Muhr v. PriceWaterhouseCoopers LLP*, Case No. 98-761-H (Neb. State Ct., Scotts Bluff County, Mar. 29, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

44.  *Levanthal v. Tow*. Case No. 3:97-CV-21642-DJS (D. Conn. Jan 31, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

45.  *Branca v. Paymentech, Inc.*, No. 3:97-CV-2507-L (N.D. Tex. Jan. 4. 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

46.  *In re Schein Pharmaceutical, Inc. Sec. Litig.*, Master Docket No. 98-4311(JCL) (D.N.J. Dec. 7, 2000) (fee equal to 33-1/3% of total recovery, plus expenses);

47.  *In re Future Healthcare Sec. Litig.*, Master File No. C-1-95-180 (S.D. Ohio Nov. 28, 2000) (fee equal to 33-1/3% of total recovery, plus expenses);

48. *In re Cityscape Financial Corp. Sec. Litig.*, MDL Docket No. 1234 (E.D.N.Y. Nov. 27, 2000) (fee equal to 33-1/3% of total recovery, plus expenses);

49. *Wagnerman v. Vassiliades*, Docket o. BUR-L-02401-96 (New Jersey Sup. Ct. Oct. 30, 2000)  (fee equal to 33-1/3% of total recovery, plus expenses);

50. *Provenz v. Miller*, No. C-92-20159-RMW(EAI) (N.D. Cal. Aug. 23, 1999) (fee equal to 33-1/3% of total recovery, plus expenses);

51. *In re PNC Bank Corp. Sec. Litig.*, No. 94-1961 (W.D. Pa. Sept. 25, 1998) (fee equal to 33-1/3% of total recovery, plus expenses);

52. *Gordon v. American Adjustable Rate Term Trust*, Civil No. 4-95-666 (D. Minn. Sept. 3, 1996) (fee equal to 33-1/3% of total recovery, plus expenses);

53. *In re Olicom Sec. Litig.*, Master File No. 3:94-CV-0511-D (N.D. Tex. Aug. 30, 1996) (fee equal to 33-1/3% of total recovery, plus expenses);

54. *In re ZZZZ Best Sec. Litig.*, No. CV-87-3574-RSWL(Bx) (C.D. Cal. Jan. 23, 1995) (fee equal to 33-1/3% of total recovery, plus expenses);

55. *In re Xytronyx Sec. Litig.*, Master File No. 92-194-IEG(CM) (S.D. Cal. June 15, 1994) (fee equal to 33-1/3% of recovery, plus expenses);

56. *Snyder v. Oneok Inc.*, Civil No. 88-C-1500E (N.D. Okla. Nov. 1, 1993) (fee equal to 33-1/3% of recovery, plus expenses);

57. *In re Rykoff-Sexton Sec. Litig.*, Master File No. CV-90-0689-DT(Tx) (C.D. Cal. Dec. 30, 1991) (fee equal to 33-1/3% of recovery, plus expenses);

58. *In re New World Entertainment Sec. Litig.*, Master File No. 88-06260-MRP(Kx) (C.D. Cal. Oct. 7, 1991) (fee equal to 33-1/3% of recovery, plus expenses);

59. *In re Seagate Technology Sec. Litig.*, Master File No. C-84-20756(A)-WAI (N.D. Cal. Aug. 14, 1991) (fee equal to 33-1/3% of total recovery, plus expenses);

60. *Mirochnick v. Glasky*, Civ. No. 86-6145-JMI(Px) (C.D. Cal. July 1, 1991) (fee equal to 33-1/3% of recovery, plus expenses);

61. *In re Digital Sound Corporation Sec. Litig.*, Master File No. 90-3533-MRP(Bx) (C.D. Cal. April 8, 1991) (fee equal to 33-1/3% of recovery, plus expenses);

62. *Teichler v. DSC Communications Corp.*, CA 3-85-2005-T (N.D. Tex. 1990) (fee equal to 33-1/3% of recovery, plus expenses);

63. *Lee v. Steloff*, Civ. No. 88-00811-HLH(GHKx) (C.D. Cal. Jan. 26, 1990) (fee equal to 33-1/3% of recovery, plus expenses);

64. *Paul v. Western Health Plans, Inc.*, C-88-1182-K(M) (S.D. Cal. 1989) (fee equal to 33-1/3% of total recovery, plus expenses);

65.   *Draney v. Wilson, Morton, Assaf & McElligott*, [1985-1986 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶92,360 (D. Ariz. 1985) (fee equal to 33-1/3% of recovery, plus expenses);

66.   *Schultz v. Applica, Inc.*, No. 06-60149-CIV (S.D. Fla. Jan. 15, 2008) (fee equal to 33% of recovery, plus expenses);

67.   *In re Canadian Superior Energy Inc. Sec. Litig.*, Master File No. 04-CV-02020(RO) (S.D.N.Y. Oct. 19, 2005) (fee award equal to 33% of recovery, plus expenses);

68.   *Thomas & Thomas Rodmakers Inc., et al. v. Newport Adhesives and Composites, Inc., et al.*, Case No. CV-99-07796-FMC(RNBx) (C.D. Cal. Oct. 17, 2005) (fee award equal to 33% of recovery, plus expenses);

69.   *In re U.S. Interactive, Inc. Sec. Litig.*, Case No. 01-CV-522 (E.D. Pa. Oct. 20, 2003) (fee equal to 33% of total recovery, plus expenses);

70.   *Retsky v. Price Waterhouse*, No. 97-C-7694 (N.D. Ill. Jan. 30, 2002) (fee equal to 33% of total recovery, plus expenses);

71.   *In re Lifescan, Inc. Consumer Litigation*, Case No. C-98-20321-JF (N.D. Cal. Mar. 18, 2002) (fee equal to 33% of total recovery, plus expenses);

72.   *In re Reliance Sec. Litig.*, MDL Docket No. 1304 (D. Del. Feb. 8, 2002) (fee equal to 33% of total recovery, plus expenses);

73.   *In re General Instrument Sec. Litig.*, No. 01-3051 (E.D. Pa. Dec. 28, 2001) (fee equal to 33% of total recovery, plus expenses);

74.   *Adams v. Amplidyne*, No. 99-4468(MLC) (D.N.J. Aug. 14, 2001) (fee equal to 33% of total recovery, plus expenses);

75.   *Sprague v. Qualcomm, Inc.*, Case No. 730565 (San Diego Sup. Ct. Apr. 23, 2001) (fee equal to 33% of total recovery, plus expenses);

76.   *Klein v. King*, Civ. No. C-88-3141-FMS (N.D. Cal. May 10, 1993) (fee equal to 33% of recovery, plus expenses);

77.   *In re Public Service Company of New Mexico*, [1992 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,988 (S.D. Cal. 1992) (fee equal to 33% of total recovery, plus expenses);

78.   *Malanka v. De Castro*, [1990-1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,657 (D. Mass. 1990) (fee equal to 33% of total recovery, plus expenses);

79.   *In re Fiddler's Woods Bondholders Litig.*, [1987-1988 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,537 (E.D. Pa. 1987) (fee equal to 32.7% of recovery, plus expenses);

80.   *Morales v. Geothermal Resources Int'l, Inc.*, [1981 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶98,038 (S.D.N.Y. 1981) (fee equal to 31.75% of recovery, plus expenses);

81.  *Kronfeld v. Transworld Airlines, Inc.*, 129 F.R.D. 598 (S.D.N.Y. 1990) (fee equal to 31.2% of recovery, plus expenses);

82.  *Roth v. Aon Corp.*, No. 04-C-6835 (N.D. Ill. Nov. 18, 2009) (awarded 31% of the fund recovered, plus expenses);

83.  *In re Triton Energy Ltd. Sec. Litig.*, No. 5-98-CV-256 (E.D. Tex. Sept. 23, 2002) (fee equal to 31% of recovery, plus expenses);

84.  *In re TeleTech Litigation*, No. 10:08-cv-00913-LTS (S.D.N.Y. June 11, 2010) (awarded 30% of the recovery, plus expenses);

85.  *In re PETCO Animal Supplies, Inc. S'holder Litig.*, No. GIC 869399 (San Diego Super. Ct. Mar. 26, 2010) (awarded 30% of recovery, plus expenses);

86.  *Kelleher v. ADVO, Inc.*, No. 3:06-cv-01422-AVC (D. Conn. Mar. 3, 2010) (awarded 30% of recovery, plus expenses);

87.  *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, No. 1-04-CV-021465 (Santa Clara Super. Ct. Feb. 3, 2010) (awarded 30% of the recovery, plus expenses);

88.  *In re Prestige Brands Holdings, Inc. Sec. Litig.*, No. 7:05-cv-06924-CS (S.D.N.Y. Dec. 7, 2009) (awarded 30% of the recovery, plus expenses);

89.  *Rines v. Heelys, Inc.*, No. 3:07-cv-01468-K (N.D. Tex. Nov. 17, 2009) (awarded fee of 30% of the fund recovered, plus expenses);

90.  *Aviva Partners LLC v. Exide Techs.*, No. 3:05-cv-03098-MLC-LHG (D.N.J. June 23, 2009) (awarded 30% of the recovery, plus expenses);

91.  *W. Pa. Elec. Employees Pension Fund v. Candela Corp.*, No. 1:08-cv-10551-DPW (D. Mass. June 23, 2009) (awarded 30% of the recovery, plus expenses);

92.  *Crowell v. Mannatech, Inc.*, No. 3:07-cv-00238-K (N.D. Tex. Mar. 10, 2009) (awarded 30% of the recovery, plus expenses);

93.  *In re LaBranche Sec. Litig.*, No. 03-CV-8201(RWS) (S.D.N.Y. Jan. 22, 2009) (awarded 30% of the recovery, plus expenses);

94.  *In re OSI Pharm., Inc. Sec. Litig.*, No. 2:04-CV-05505-JS-WDW (E.D.N.Y. Aug. 22, 2008) (awarded 30% of the recovery, plus expenses);

95.  *In re ChoicePoint, Inc. Sec. Litig.*, No. 1:05-CV-00686-JTC (N.D. Ga. July 21, 2008) (awarded 30% of recovery, plus expenses);

96.  *Cement Masons & Plasters Joint Pension Trust v. TNS Inc.*, No. 1:06-cv-00363-CMH-BRP (E.D. Va. June 20, 2008) (awarded 30% of recovery, plus expenses);

97.   *Croker v. Carrier Access Corp.*, No. 1:05-cv-01011-LTB-OES (D. Colo. Jan. 25, 2008) (fee equal to 30% of recovery, plus expenses);

98.   *In re UICI Sec. Litig.*, No. 3:04-CV-1149-P (N.D. Tex. Jan. 23, 2008) (fee equal to 30% of recovery, plus expenses);

99.   *In re Terayon Commc'n Sys., Inc. Sec. Litig.*, No. C-00-1967-MHP (N.D. Cal. Oct. 3, 2007) (awarded 30% of recovery, plus expenses);

100.  *In re aaiPharma Inc. Sec. Litig.*, No. 7:04-CV-27-D (E.D. N.C. Oct. 2, 2007) (awarded 30% of the recovery, plus expenses);

101.  *In re Acclaim Entm't Sec. Litig.*, No. 2:03-CV-1270(JS)(ETB) (E.D.N.Y. Oct. 2, 2007) (awarded 30% of the recovery, plus expenses);

102.  *In re Odimo, Inc. Sec. Litig.*, No. 0512500 (Broward County Fla. Super. Ct. Sept. 25, 2007) (awarded 30% of recovery, plus expenses);

103.  *In re eMachines, Inc. Merger Litig.*, No. 01-CC-00156 (Orange County Super. Ct. July 25, 2007) (awarded 30% of recovery, plus expenses);

104.  *In re Direct Gen. Corp. Sec. Litig.*, No. 3:05-0077 (M.D. Tenn. July 20, 2007) (awarding 30% of the recovery, plus expenses);

105.  *Underwood, et al. v. Lampert, et al.*, No. 1:02-cv-21154-CMA/Turnoff (S.D. Fla. Jan. 29, 2007) (awarded 30% of recovery, plus expenses);

106.  *The Takara Trust v. Molex Incorporated, et al.*, No. 05-C-1245 (N.D. Ill. Mar. 1, 2007) (awarded 30% of recovery, plus expenses);

107.  *In re AMERCO Sec. Litig.*, No. 04-2182-PHX-RJB (D. Ariz. Nov. 2, 2006) (awarded 30% of recovery; plus expenses);

108.  *Greater Pennsylvania Carpenters Pension Fund v. Whitehall Jewellers, Inc., et al.*, No. 04 C 1107 (N.D. Ill. July 24, 2006) (awarding 30% of recovery, plus expenses);

109.  *In re Stellent, Inc. Sec. Litig.*, Master File No. CV-03-4384 RHK/AJB (D. Minn. Nov. 16, 2005) (fee equal to 30% of recovery, plus expenses);

110.  *In re Descartes Systems Group, Inc. Sec. Litig.*, Master File No. 04 Civ. 3793(LTS)(MHD) (S.D.N.Y. Sept. 16, 2005) (fee award equal to 30% of the fund, plus expenses);

111.  *Brody v. Hellman*, Case No. 00-CV-4142 (City & County Denver Colo. Aug. 30, 2005) (fee equal to 30% of recovery, plus expenses);

112.  *In re Daisytek International Litig.*, Master Docket No. 4:03-CV-212 (E.D. Tex. July 20, 2005) (fee equal to 30% of recovery, plus expenses);

113. *In re Novell, Inc. Sec. Litig.*, Case No. 2:99-CV-995 TC (D. Utah May 26, 2005) (fee equal to 30% of recovery, plus expenses);

114. *Deckler v. Ionics, Inc., et al.*, No. 03-CV-10393-WGY (D. Mass. Apr. 4, 2005) (fee equal to 30% of recovery, plus expenses);

115. *Southland Securities Corporation v. INSpire Insurance Solutions, Inc.*, No. 4:00-CV-355y (N.D. Tex. Mar. 9, 2005) (fee equal to 30% of recovery, plus expenses);

116. *Steinbeck v. Sonic Innovations, Inc., et al.*, Case No. 2:00-CV-848-PGC (D. Utah May 25, 2004 (received fee of 30% of the fund, plus expenses);

117. *Broderick v. Mazur (PHP Healthcare)*, No. CV-98-1658-MRP(AJWx) (C.D. Cal. Apr. 27, 2004) (fee equal to 30% of recovery, plus expenses);

118. *In re Linerboard Antitrust Litig.*, MDL No. 1261 (E.D. Pa. June 2, 2004) (fee equal to 30% of recovery, plus expenses);

119. *Broderick v. Mazur*, No. CV-98-1658-MRP(AJWx) (C.D. Cal. Apr. 27, 2004) (fee equal to 30% of recovery, plus expenses);

120. *Ronconi v. Larkin*, Case No. 767087-5 OV (Alameda County Sup. Ct. Jan. 6, 2004) (fee equal to 30% of recovery, plus expenses);

121. *In re FirstPlus Financial Group, Inc.*, Master File No. 3:98-CV-2551-M (N.D. Tex. Oct. 14, 2003) (fee equal to 30% of recovery, plus expenses);

122. *In re MTI Technology Corp. Sec. Litig.*, Master File No. SACV-00-745-DOC(ANx) (C.D. Cal. July 28, 2003) (fee equal to 30% of recovery, plus expenses);

123. *Harris v. Intel Corp.*, No. C-00-1528-CW(EMC) (N.D. Cal. July 15, 2003) (fee equal to 30% of recovery, plus expenses);

124. *In re THQ, Inc. Sec. Litig.*, Master File No. CV-00-01783-JFW(Ex) (C.D. Cal. June 23, 2003) (fee equal to 30% of recovery, plus expenses);

125. *In re HI/FN Sec. Litig.*, Master File No. C-99-4531-SI (N.D. Cal. May 21, 2003) (fee equal to 30% of recovery, plus expenses);

126. *In re ATI Technologies, Inc. Sec. Litig.*, No. 01-2541 (E.D. Pa. Apr. 28, 2003) (fee equal to 30% of recovery, plus expenses);

127. *Rasachack v. First Alliance Corp.*, Case No. 796083 (Orange County Sup. Ct. Apr. 3, 2003) (fee equal to 30% of recovery, plus expenses);

128. *In re Lason, Inc. Sec. Litig.*, No. 99-CV-76079 (E.D. Mich. Mar. 31, 2003) (fee equal to 30% of recovery, plus expenses);

129. *Reagan v. Smart Modular Technologies, Inc.*, Case No. H204162-5 (Alameda County Sup. Ct. Mar. 13, 2003) (fee equal to 30% of recovery, plus expenses);

130. *Warstadt v. Hastings Entertainment, Inc.*, Civil Action No. 2:00-CV-089-J (N.D. Tex. March 10, 2003) (fee equal to 30% of recovery, plus expenses);

131. *Silver v. UICI*, No. 3:99CV2860-L (N.D. Tex. Mar. 3, 2003) (fee equal to 30% of recovery, plus expenses);

132. *Bryant v. Avado Brands, Inc.*, Civil Action No. 3:97-CV-83(DF) (M.D. Ga. Jan. 27, 2003) (fee equal to 30% of recovery, plus expenses);

133. *In re Advanced Lighting Technologies, Inc. Sec. Litig.*, Master File No. 1:99CV836 (N.D. Ohio Jan 27, 2003) (fee equal to 30% of recovery, plus expenses);

134. *Steele v. Electronics for Imaging, Inc.*, Lead Case No. 403099 (San Mateo County Sup. Ct. Dec. 20, 2002) (fee equal to 30% of recovery, plus expenses);

135. *In re Micro Focus Sec. Litig.*, Master File No. C-01-1352-SBA (N.D. Cal. Dec. 17, 2002) (fee equal to 30% of recovery, plus expenses);

136. *Berger v. Compaq Computer Corp.*, No. 98-1148 (N.D. Tex. Nov. 22, 2002) (fee equal to 30% of recovery, plus expenses);

137. *In re Secure Computing Corp. Sec. Litig.*, Master File No. C-99-1927-CW (N.D. Cal. Nov. 19, 2002) (fee equal to 30% of recovery, plus expenses);

138. *California Consumers v. SCI California Funeral Services, Inc.*, Case No. 35035 (Lake County Sup. Ct. Sept. 30, 2002) (fee equal to 30% of recovery, plus expenses);

139. *Rosenberg v. Hybrid Networks, Inc.*, No. C-98-20956-RMW (N.D. Cal. Sept. 17, 2002) (fee equal to 30% of recovery, plus expenses);

140. *In re VisionAmerica, Inc. Sec. Litig.*, Master File No. 3-00-0279 (M.D. Tenn. Aug. 26, 2002) (fee equal to 30% of recovery, plus expenses);

141. *Sinay v. Boron Lepore & Associates, Inc.*, No. 99-2231(DRD) (D.N.J. June 18, 2002) (fee equal to 30% of recovery, plus expenses);

142. *In re Landry's Seafood Restaurants, Inc. Sec. Litig.*, Master File No. H-99-1948 (S.D. Tex. June 13, 2002) (fee equal to 30% of recovery, plus expenses);

143. *Goldberg v. Storm Technology, Inc.*, Case No. CV764797 (Santa Clara County Sup. Ct. May 17, 2002) (fee equal to 30% of recovery, plus expenses);

144. *Karlin v. Alcatel, Inc.*, No. SACV-00-214-DOC(EEx) (C.D. Cal. Apr. 29, 2002) (fee equal to 30% of recovery, plus expenses);

145. *Pass v. Huh*, Case No. CV758927 (Santa Clara County Sup. Ct. Apr. 9, 2002) (fee equal to 30% of recovery, plus expenses);

146. *In re S3 Sec. Litig.*, Master File No. CV770003 (Santa Clara County Sup. Ct. Apr. 8, 2002) (fee equal to 30% of recovery, plus expenses);

- 9 -

147.  *Lone Star Ladies Investment Club, A Texas General Partnership v. Schlotzsky's Inc.*, Civil Action No. A-98-CA-550-JN (W.D. Tex. Apr. 2, 2002) (fee equal to 30% of recovery, plus expenses);

148.  *Garza v. J.D. Edwards & Co.*, Civil Action No. 99-N-1744 (D. Colo. Mar. 21, 2002) (fee equal to 30% of recovery, plus expenses);

149.  *In re CHS Electronics, Inc. Sec. Litig.*, No. 99-8186-CIV-Gold/Simonton (S.D. Fla. Mar. 1, 2002) (fee equal to 30% of recovery, plus expenses);

150.  *In re P-Com, Inc. Sec. Litig.*, Master File No. CV776853 (Santa Clara County Sup. Ct. Feb. 8, 2002) (fee equal to 30% of recovery, plus expenses);

151.  *Thompson v. Webb*, Cause No. 98-371-D (Texas State Ct. Jan. 25, 2002) (fee equal to 30% of recovery, plus expenses);

152.  *In re Silicon Graphics, Inc. II Sec. Litig.*, Master File No. C-97-4362-SI (N.D. Cal. Jan. 3, 2002) (fee equal to 30% of recovery, plus expenses);

153.  *di Giacomo v. Plains All American Pipeline*, Civil Action No. H-99-4137 (S.D. Tex. Dec. 19, 2001) (fee equal to 30% of recovery, plus expenses);

154.  *In re Vesta Insurance Group, Inc. Sec. Litig.*, Master File No. No. CV-98-W-1407-S (N.D. Ala. Dec. 10, 2001) (fee equal to 30% of recovery, plus expenses);

155.  *Keeley v. Dean Witter Reynolds, Inc.*, Master Case File No. 737787 (Orange County Sup. Ct. Dec. 10, 2001) (fee equal to 30% of total recovery, plus expenses);

156.  *Strausz v. Geschke*, Case No. CV755730 (Santa Clara County Sup. Ct. Aug. 24, 2001) (fee equal to 30% of total recovery, plus expenses);

157.  *Cooper v. Weinstein*, Civ. No. CV-96-10799 (Maricopa County Sup. Ct. Aug. 17, 2001 (fee equal to 30% of total recovery, plus expenses);

158.  *In re Unistar Financial Service Corp. Sec. Litig.*, Master File No. 3:99-CV-1857-M (N.D. Tex. Aug. 17, 2001) (fee equal to 30% of total recovery, plus expenses);

159.  *Jonas v. Aspec Technology, Inc.*, No. CV775037 (Santa Clara County Sup. Ct. Aug. 17, 2001) (fee equal to 30% of total recovery, plus expenses);

160.  *In re PLC Systems, Inc. Sec. Litig.*, No. 97-11737-RGS (D. Mass. Feb. 9, 2001) (fee equal to 30% of total recovery, plus expenses);

161.  *In re Prison Realty Sec. Litig.*, No. 3:99-0452 (M.D. Tenn. Feb. 9, 2001) (fee equal to 30% of recovery, plus expenses);

162.  *Hood v. The DII Group, Inc.*, Case No. 97-CV-829 (Colo. State Ct. Feb. 8, 2001) (fee equal to 30% of recovery, plus expenses;

163.   *In re Aetna Inc. Sec. Litig.*, MDL Docket No. 1219 (M.D. Pa. Jan 4, 2001) (fee equal to 30% of total recovery, plus expenses);

164.   *Gracy Fund L.P. v. EEX Corp.*, Case No. 3:98-CV-1808-M (N.D. Tex. Dec. 28, 2000) (fee equal to 30% of total recovery, plus expenses);

165.   *In re Stratosphere Corporation Sec. Litig.*. Master File No. CV-S-96-00708-PMP-(RLH) (D. Nev. Dec. 6, 2000) (fee equal to 30% of recovery, plus expenses);

166.   *In re Spectrian Corp. Sec. Litig.*, Master File No. C-97-4672-CW (N.D. Cal. Nov. 6, 2000) (fee equal to 30% of recovery, plus expenses);

167.   *Kisilenko v. STB Systems. Inc.*, No. 3:99-CV-2872-M (N.D. Tex. Nov. 2, 2000) (fee equal to 30% of recovery, plus expenses);

168.   *Kennedy v. Peninsula Bank of San Diego*, Case No. GIC741278 (San Diego Sup. Ct. Oct. 27, 2000) (fee equal to 30% of recovery, plus expenses);

169.   *In re Sybase Inc. II Sec. Litig.*, Master File No. C-98-0252-CAL (N.D. Cal. Sept. 29, 2000) (fee equal to 30% of recovery, plus expenses);

170.   *In re Adac Laboratories Sec. Litig.*, Master File No. C-98-4934-MHP (N.D. Cal. Sept. 18, 2000) (fee equal to 30% of recovery, plus expenses);

171.   *Anderson v. EFTC Corp.*, Case No. 98-CV-962 (Colo. State Ct. Aug. 31, 2000) (fee equal to 30% of recovery, plus expenses);

172.   *Senior v. ShoLodge Inc.*, Civil Action No. 98-C-136 (Tenn. Chancery Ct. Aug. 16, 2000) (fee equal to 30% of recovery, plus expenses);

173.   *Schlagal v. Learning Tree International, Inc.*, No. CV-98-6384-GAF(Ex) (C.D. Cal. Aug. 7, 2000) (fee equal to 30% of recovery, plus expenses);

174.   *Vigneau v. Franklin Advantage Real Estate Income Fund*, Case No. 398743 (San Mateo Sup. Ct. July 25, 2000) (fee equal to 30% of recovery, plus expenses);

175.   *Milano v. Auhll*, Case No. SB213476 (Santa Barbara Sup. Ct. July 7, 2000) (fee equal to 30% of recovery, plus expenses);

176.   *Neibert v. Monarch Dental Corp.*, No. 3:99-CV-762-X (N.D. Tex. June 19, 2000) (fee equal to 30% of recovery, plus expenses);

177.   *Sussman v. AML Communications, Inc.*, No. CV-98-2010-CAS(Ex) (C.D. Cal. May 3, 2000) (fee equal to 30% of recovery, plus expenses);

178.   *In re Valence Technology Sec. Litig.*, Master File No. C-95-20459-JW(EAI) (N.D. Cal. May 8, 2000) (fee equal to 30% of recovery, plus expenses);

179.   *In re Western Savings and Loan Association/RTC Sec. Litig.*, MDL Docket No. 995 (D. Ariz. Apr. 5, 2000) (fee equal to 30% of recovery, plus expenses);

180.   *In re Transcrypt International Sec. Litig.*, Master File No. 4:98CV3099 (D. Neb. Mar. 27, 2000) (fee equal to 30% of recovery, plus expenses);

181.   *Hertzberg v. Dignity Partners, Inc.*, No. C-96-4558-CAL (N.D. Cal. Feb 25, 2000) (fee equal to 30% of recovery, plus expenses);

182.   *Robertson v. Strassner*, Civil Action No. H-98-0364 (S.D. Tex. Jan. 5, 2000) (fee equal to 30% of recovery, plus expenses);

183.   *Robertson v. ProSoft I-Net Solutions Inc.*, Master Case No. 793247 (Orange County Sup. Ct. Nov. 16, 1999) (fee equal to 30% of recovery, plus expenses);

184.   *Molinari v. Symantec Corp.*, No. C-97-20021-JF(EAI) (N.D. Cal. Oct. 26, 1999) (fee equal to 30% of recovery, plus expenses);

185.   *Edwards v. Casino Data Systems, Inc.*, No. CV-S-96-01191-LDG(LRL) (D. Nev. Sept. 29, 1999) (fee equal to 30% of recovery, plus expenses);

186.   *In re Trimble Navigation Sec. Litig.*, Master File No. C-98-20441-JF (N.D. Cal. Sept. 23, 1999) (fee equal to 30% of recovery, plus expenses);

187.   *In re Tele-Communications, Inc. Sec. Litig.*, Case No. 97CV421 (Colo. Dist. Ct., Arapahoe County, Aug. 20, 1999) (fee equal to 30% of recovery, plus expenses);

188.   *Queen Uno Ltd. Partnership v. Coeur D'Alene Mines Corp.*, No. 97-WY-1431-CB (D. Colo. Aug. 11, 1999) (fee equal to 30% of recovery, plus expenses);

189.   *In re Retirement Care Associates, Inc. Sec. Litig.*, Civil Action No. 1:97-CV-2458-CC (N.D. Ga. July 21, 1999) (fee equal to 30% of recovery, plus expenses);

190.   *Wiesel v. Kennedy*, No. C-95-4472-THE (N.D. Cal. May 24, 1999) (fee equal to 30% of recovery, plus expenses);

191.   *Cannon v. Funco, Inc.*, Civil No. 4-95-533-DSD/JMM (D. Minn. April 30, 1999) (fee equal to 30% of recovery, plus expenses);

192.   *In re Aames Financial Corp. Sec. Litig.*, No. CV-97-6714-CAS(ANx) (C.D. Cal. Feb. 22, 1999) (fee equal to 30% of recovery, plus expenses);

193.   *Danielson v. DTM Corp.*, No. 97-CI-16633 (Texas Dist. Ct., Bexar County Jan. 22, 1999) (fee equal to 30% of recovery, plus expenses);

194.   *Newman v. TriQuint Semiconductor, Inc.*, No. 96-908-HA (D. Ore. Dec. 15, 1998) (fee equal to 30% of recovery, plus expenses);

195.   *Lindblom v. Mobile Telecommunications Technologies Corp.*, No. 3:98-CV-112WS (S.D. Miss. Nov. 6, 1998) (fee equal to 30% of recovery, plus expenses);

196.   *Bierman v. Dasen*, Cause No. CV-96-124A (Mont. State Ct. Nov. 4, 1998) (fee equal to 30% of recovery, plus expenses);

197. *McDaid v. Sanders*, No. C-95-20750-JW(EAI) (N.D. Cal. Nov. 2, 1998) (fee equal to 30% of recovery, plus expenses);

198. *Powers v. Eichen*, No. 96-1431-B(AJB) (S.D. Cal. Oct. 29. 1998) (fee equal to 30% of recovery, plus expenses);

199. *Fecht v. The Price Co.*, No. 92-0497-JM(JFS) (S.D. Cal. Oct. 26, 1998) (fee equal to 30% of recovery, plus expenses);

200. *McGann v. Ernst & Young*, No. SACV-93-0814-AHS(EEx) (C.D. Cal. Oct. 19, 1998) (fee equal to 30% of recovery, plus expenses);

201. *Thompson v. Veterinary Centers of America*, No. CV-97-4244-CM (C.D. Cal. Oct. 19, 1998) (fee equal to 30% of recovery, plus expenses);

202. *Kaufman v. SyQuest Technology, Inc.*, No. H-189594-4 (Alameda County Sup. Ct. Oct. 14, 1998) (fee equal to 30% of recovery, plus expenses);

203. *Fields v. Dove Entertainment, Inc.*, Case No. BC174659 (Los Angeles Sup. Ct. Oct. 6, 1998) (fee equal to 30% of recovery, plus expenses);

204. *In re Yes! Entertainment Corp. Sec. Litig.*, Master File No. C-97-1388-CRB (N.D. Cal. Sept. 18, 1998) (fee equal to 30% of recovery, plus expenses);

205. *In re AHI Healthcare Systems, Inc. Sec. Litig.*, Master File No. CV-95-8658-MRD(BQRx) (C.D. Cal. Sept. 14, 1998) (fee equal to 30% of recovery, plus expenses);

206. *In re DSP Group, Inc. Sec. Ligit.*, Master File No. C-95-4025-CAL (N.D. Cal. Sept. 4, 1998) (fee equal to 30% of recovery, plus expenses);

207. *In re Imp, Inc. Sec. Litig.*, Master File No. C-96-20826-SW(PVT) (N.D. Cal. Aug. 26, 1998) (fee equal to 30% of recovery, plus expenses);

208. *Cherednichenko v. Quarterdeck Corp.*, No. 97-4320-CM(CWx) (C.D. Cal. June 3, 1998) (fee equal to 30% of recovery, plus expenses);

209. *Graubart v. Insignia Solutions PLC*, No. C-97-20265-JW(EAI) (N.D. Cal. Apr. 20, 1998) (fee equal to 30% of recovery, plus expenses);

210. *Gohler v. Wood*, No. 92-C-181-S (D. Utah Apr. 13, 1998) (fee equal to 30% of recovery, plus expenses);

211. *Manson v. Muller*, No. C-95-0016-MMC (N.D. Cal. Mar. 31, 1998) (fee equal to 30% of recovery, plus expenses);

212. *In re California Microwave, Inc. Sec. Litig.*, Master File No. C-95-4009-CW (N.D. Cal. Mar. 23, 1998) (fee equal to 30% of recovery, plus expenses);

213. *In re Media Vision Technology Sec. Litig.*, Master File No. C-94-1015-FMS (N.D. Cal. Mar. 17, 1998) (fee equal to 30% of recovery, plus expenses);

214.  *Rooney v. Identix, Inc.*, No. C-97-20082-RMW (N.D. Cal. Mar. 6, 1998) (fee equal to 30% of recovery, plus expenses);

215.  *In re ICN Pharmaceuticals. Inc. Sec. Litig.*, Master File No. SACV-95-128-GLT(EEx) (C.D. Cal. Jan. 16, 1998) (fee equal to 30% of recovery, plus expenses);

216.  *In re ProNet, Inc. 1933 and 1934 Act Sec. Litig.*, Master File Nos. 3:96-CV-1795-P, 3:96-CV-2116-P (N.D. Tex. Nov. 19, 1997) (fee equal to 30% of recovery, plus expenses);

217.  *Strassman v. Fresh Choice, Inc.*, No. C-95-20017-SW (N.D. Cal. Oct. 10, 1997) (fee equal to 30% of recovery, plus expenses);

218.  *Warshaw v. Xoma Corp.*, No. C-92-2264-MHP(JSB) (N.D. Cal. Sept. 5, 1997) (fee equal to 30% of recovery, plus expenses);

219.  *In re Crop Growers Corp. Sec. Litig.*, Master File No. CV-95-58-GF-PGH (D. Mont. July 8, 1997) (fee equal to 30% of recovery, plus expenses);

220.  *In re Cirrus Logic Sec. Litig.*, Master File No. C-93-1591-WHO (N.D. Cal. July 1, 1997) (fees equal to 30% of recovery, plus expenses);

221.  *Roseman v. Bradke*, Case No. 95-0424-Civ-T-25C (M.D. Fla. June 11, 1997) (fee equal to 30% of recovery, plus expenses);

222.  *Brandwine v. Sony Corp.*, No. CV-94-8282-JGD(JGx) (C.D. Cal. June 6, 1997) (fee equal to 30% of recovery, plus expenses);

223.  *In re Conner Peripherals. Inc. Sec. Litig.*, Master File No. C-95-2244-MHP (N.D. Cal. May 7, 1997) (fee equal to 30% of recovery, plus expenses);

224.  *In re NCD Sec. Litig.*, Master File No. C-96-1345-CAL (N.D. Cal. May 2, 1997) (fee equal to 30% of recovery, plus expenses);

225.  *Stack v. Lobo*, No. C-95-20049-SW(EAI) (N.D. Cal. April 4, 1997) (fee equal to 30% of recovery, plus expenses);

226.  *Siegel v. Lyons*, No. C-95-03588-DLJ(WDB) (N.D. Cal. March 26, 1997) (fee equal to 30% of recovery, plus expenses);

227.  *Schaefer v. Overland Express Funds, Inc.*, No. 95-CV-0314-B(POR) (S.D. Cal. Mar. 11, 1997) (fee equal to 30% of recovery, plus expenses);

228.  *Park v. Taco Cabana, Inc.*, Civil Action No. SA-95-CA-0847 (W.D. Tex. Dec. 20, 1996) (fee equal to 30% of recovery, plus expenses);

229.  *In re Concord Holdings Sec. Litig.*, Master File No. C-94-20579(A)-RMW(EAI) (N.D. Cal. Dec. 2, 1996) (fee equal to 30% of recovery, plus expenses);

230.  *Kaplan v. Rose*, No. SACV-89-740-AHS(RWRx) (C.D. Cal. Nov. 15, 1996) (fee equal to 30% of recovery, plus expenses);

231. *In re Asanté Sec. Litig.*, Master File No. C-94-20499(A)-RMW(EAI) (N.D. Cal. Nov. 18, 1996) (fee equal to 30% of recovery, plus expenses);

232. *Sardi v. Struthers Industries*, Civ. No. 94-C-787-H (N.D. Okla. Oct. 21, 1996) (fee equal to 30% of recovery, plus expenses);

233. *Fisher v. Acuson Corp.*, C-93-20477-RMW(EAI) (N.D. Cal. Oct. 7, 1996) (fee equal to 30% of recovery, plus expenses);

234. *In re Gupta Corp. Sec. Litig.*, Master File No. C-94-1517-EAI (N.D. Cal. Sept. 30, 1996) (fee equal to 30% of recovery, plus expenses);

235. *Miller v. Vans. Inc.*, No. SACV-95-96-AHS(EEx) (C.D. Cal. July 22, 1996) (fee equal to 30% of recovery, plus expenses);

236. *In re Styles on Video Sec. Litig.*, Master File No. C-94-8342-R (C.D. Cal. July 11, 1996) (fee equal to 30% of recovery, plus expenses);

237. *In re International Totalizator Sec. Litig.*, Master File No. 94-979-J(LSP) (S.D. Cal. June 17, 1996) (fee equal to 30% of recovery, plus expenses);

238. *Slomovics v. Gallogly*, No. C-94-2262-CAL (N.D. Cal. June 13, 1996) (fee equal to 30% of recovery, plus expenses);

239. *In re Coastcast Corporation Sec. Litig.*, Master File No. CV-94-3712-DT(AJWx) (C.D. Cal. May 6, 1996) (fee equal to 30% of recovery, plus expenses);

240. *In re Medeva Sec. Litig.*, Master File No. CV-93-4376-KN(AJWx) (C.D. Cal. Mar. 25, 1996) (fee equal to 30% of recovery, plus expenses);

241. *Leonard v. NetFRAME Systems, Inc.*, No. C-95-0238-DLJ (N.D. Cal. Mar. 20, 1996) (fee equal to 30% of recovery, plus expenses);

242. *Kravitz v. Iwerks Entertainment, Inc.*, No. CV-95-2541-KMW (C.D. Cal. March 12, 1996) (fee equal to 30% of recovery, plus expenses);

243. *Kurtz v. Blum*, No. SACV-94-1043-GLT(EEx) (C.D. Cal. Feb. 20, 1996) (fee equal to 30% of recovery, plus expenses);

244. *In re WCT Sec. Litig.*, No. C-94-6524-JMI(BQRx) (C.D. Cal. Feb. 5, 1996) (fee equal to 30% of recovery, plus expenses);

245. *In re Hexcel Corporation Sec. Litig.*, Master File No. C-92-4811-SBA (N.D. Cal. Jan. 22, 1996) (fee equal to 30% of recovery, plus expenses);

246. *In re VISX Sec. Litig.*, Master File No. C-94-20649-EAI (N.D. Cal. Dec. 18, 1995) (fee equal to 30% of recovery, plus expenses);

247. *In re Ross Systems Sec. Litig.*, Master File No. C-94-0017-DLJ(WDB) (N.D. Cal. Dec. 13, 1995) (fee equal to 30% of recovery, plus expenses);

248.    *In re National Medical Enterprises Sec. Litig.*, Master File No. CV-91-5452-TJH(EEx) (C.D. Cal. Dec. 8, 1995) (fee equal to 30% of recovery, plus expenses);

249.    *In re Storage Technology Sec. Litig.*, Case No. 92-B-750 (D. Colo. Dec. 1, 1995) (fee equal to 30% of recovery, plus expenses);

250.    *In re 4th Dimension Software Ltd., Sec. Litig.*, Master File No. SACV-94-279-AHS(EEx) (C.D. Cal. Nov. 20, 1995) (fee equal to 30% of recovery, plus expenses);

251.    *O'Sullivan v. Trident Microsystems, Inc.*, No. C-95-02294-EAI (N.D. Cal. Nov. 20, 1995) (fee equal to 30% of recovery, plus expenses);

252.    *Lee v. Sierra On-Line, Inc.*, No. CIV-S-92-2089-EJG-PAN (E.D. Cal. Nov. 6, 1995) (fee equal to 30% of recovery, plus expenses);

253.    *In re Archer Communications Sec. Litig.*, Master File No. CV-91-6964-R (C.D. Cal. Nov. 1, 1995) (fee equal to 30% of recovery, plus expenses);

254.    *Pfeifer v. McFall*, No. CV-94-1862-ABC(BRx) (C.D. Cal. Oct. 23, 1995) (fee equal to 30% of recovery, plus expenses);

255.    *In re Proxima Corporation Sec. Litig.*, Master File No. 93-1139-J(LSP) (S.D. Cal. Oct. 3, 1995) (fee equal to 30% of recovery, plus expenses);

256.    *In re Compression Labs, Inc. Sec. Litig.*, No. C-95-2222-FMS(EAI) (N.D. Cal. Sept. 22, 1995) (fee equal to 30% of recovery, plus expenses);

257.    *In re Aurora Electronics Sec. Litig.*, Master File No. CV-93-3292-DT(JGx) (C.D. Cal. Sept. 5, 1995) (fee equal to 30% of recovery, plus expenses);

258.    *In re RasterOps Corp. Sec. Litig.*, Master File No. C-95-2247-EAI (N.D. Cal. Aug. 28, 1995) (fee equal to 30% of recovery, plus expenses);

259.    *In re National Health Laboratories Sec. Litig.*, Master File No. CV-92-1949-RBB (S.D. Cal. Aug. 15, 1995) (fee equal to 30% of recovery, plus expenses);

260.    *Pleasant Overseas Corp. v. Hajjar*, Master File No. C-93-20197-RMW(EAI) (N.D. Cal. Aug. 10, 1995) (fee equal to 30% of recovery, plus expenses);

261.    *In re Jenny Craig Sec. Litig.*, Master File No. CV-92-845-J(LSP) (S.D. Cal. June 19, 1995) (fee equal to 30% of recovery, plus expenses);

262.    *In re SuperMac Technology, Inc. Sec. Litig.*, Master File No. C-94-20206-RPA(PVT) (N.D. Cal. June 12, 1995) (fee equal to 30% of recovery, plus expenses);

263.    *In re Radius Sec. Litig.*, Master File No. C-92-20597-RPA(EAI) (N.D. Cal. June 12, 1995) (fee equal to 30% of recovery, plus expenses);

264.    *In re Applied Magnetics Corp. Sec. Litig.*, Master File No. CV-93-6195-DT(JRx) (C.D. Cal. May 30, 1995) (fee equal to 30% of recovery, plus expenses);

265. *Tolan v. Adler*, No. C-90-20710-WAI(PVT) (N.D. Cal. May 15, 1995) (fee equal to 30% of recovery, plus expenses);

266. *In re Kaufman and Broad Sec. Litig.*, Master File No. CV-92-5049-WJR(SHx) (C.D. Cal. April 24, 1995) (fee equal to 30% of recovery, plus expenses);

267. *In re Digital Microwave Corp. Sec. Litig.*, Master File No. C-90-20241-RMW (N.D. Cal. March 17, 1995) (fee equal to 30% of recovery, plus expenses);

268. *In re Catalyst Semiconductor Sec. Litig.*, Master File No. C-93-20960-RPA(EAI) (N.D. Cal. March 17, 1995) (fee equal to 30% of recovery, plus expenses);

269. *Rogal v. Costello*, No. C-91-20195-RPA(EAI) (N.D. Cal. March 13, 1995) (fee equal to 30% of recovery, plus expenses);

270. *In re Alza Sec. Litig.*, Master File No. C-93-20290-RMW(PVT) (N.D. Cal. Jan. 27, 1995) (fee equal to 30% of recovery, plus expenses);

271. *In re Vitesse Semiconductor Inc. Sec. Litig.*, Master File No. CV-92-3993-TJH(Kx) (C.D. Cal. Jan. 9, 1995) (fee equal to 30% of recovery, plus expenses);

272. *In re Presley Companies Sec. Litig.*, Master File No. SACV-92-0545-GLT(RWRx) (C.D. Cal. Dec. 19, 1994) (fee equal to 30% of recovery, plus expenses);

273. *In re Software Publishing Sec. Litig.*, Master File No. C-93-20246-RPA(PVT) (N.D. Cal. Dec. 14, 1994) (fee equal to 30% of recovery, plus expenses);

274. *In re Advanced Micro Devices Sec. Litig.*, Master File No. C-93-20662-EAI (N.D. Cal. Dec. 12, 1994) (fee equal to 30% of recovery, plus expenses);

275. *In re Castle Energy Corp. Sec. Litig.*, Master File No. C-94-0336-DT(CHKx) (C.D. Cal. Dec. 5, 1994) (fee equal to 30% of recovery, plus expenses);

276. *Wortman v. FileNet Corp.*, No. CV-93-0011-LHM(EEx) (C.D. Cal. Nov. 30, 1994) (fee equal to 30% of recovery, plus expenses);

277. *Adam v. Silicon Valley Bancshares*, No. C-93-20399-RMW(EAI) (N.D. Cal. Nov. 28, 1994) (fee equal to 30% of recovery, plus expenses);

278. *In re Sierra Semiconductor Sec. Litig.*, Master File No. C-93-20286-EAI (N.D. Cal. Nov. 21, 1994) (fee equal to 30% of recovery, plus expenses);

279. *Calzone v. Video Lottery Technologies*, No. CV-92-068-BU (D. Mont. Oct. 4, 1994) (fee equal to 30% of recovery, plus expenses);

280. *In re Platinum Software Sec. Litig.*, Master File No. SACV-94-70-AHS(RWRx) (C.D. Cal. Sept. 26, 1994) (fee equal to 30% of recovery, plus expenses);

281. *Haltman v. Aura Systems, Inc.*, No. CV-92-3388-CM (C.D. Cal. Aug. 25, 1994) (fee equal to 30% of recovery, plus expenses);

282.  *Bourne v. Premier Anesthesia, Inc.*, No. CV-93-4782-JSL(GHKx) (C.D. Cal. Aug. 24, 1994) (fee equal to 30% of recovery, plus expenses);

283.  *In re Lockheed Corp. Sec. Litig.*, No. CV-89-5799-TJH(Bx) (C.D. Cal. Aug. 9, 1994) (fee equal to 30% of recovery, plus expenses);

284.  *In re Sam & Libby, Inc. Sec. Litig.*, Master File No. 92-1564-WHO (N.D. Cal. Aug. 4, 1994) (fee equal to 30% of recovery, plus expenses);

285.  *In re Altera Corp. Sec. Litig.*, Master File No. C-92-20399-JW(EAI) (N.D. Cal. July 29, 1994) (fee equal to 30% of recovery, plus expenses);

286.  *In re Advanced Interventional Systems Sec. Litig.*, Master File No. SACV-92-723-AHS(RWRx) (C.D. Cal. July 15, 1994) (fee equal to 30% of recovery, plus expenses);

287.  *In re Retix Sec. Litig.*, Master File No. C-93-1683-JSL(GHKx) (C.D. Cal. July 13, 1994) (fee equal to 30% of recovery, plus expenses);

288.  *Sherman v. Widder*, Civ. No. TS-92-1827-IEG(M) (S.D. Cal. June 21, 1994) (fee equal to 30% of recovery, plus expenses);

289.  *Levy v. Eletr*, No. C-88-3457-FMS (N.D. Cal. June 20, 1994) (fee equal to 30% of recovery, plus expenses);

290.  *Scheatzle v. Eubanks*, No. C-92-20785-JW(EAI) (N.D. Cal. June 6, 1994) (fee equal to 30% of recovery, plus expenses);

291.  *Kassover v. Huta*, Civ. No. 90-00848-IEG(LSP) (S.D. Cal. May 11, 1994) (fee equal to 30% of recovery, plus expenses);

292.  *In re Pacific Enterprises Sec. Litig.*, Master File No. CV-92-0841-JSL(EEx) (C.D. Cal. May 5, 1994) (fee equal to 30% of recovery, plus expenses);

293.  *Weinberg v. Liebl*, Civ. No. 89-1883-IEG(M) (S.D. Cal. March 29, 1994) (fee equal to 30% of recovery, plus expenses);

294.  *Shields v. Smith*, No. C-90-0349-FMS (N.D. Cal. Dec. 21, 1993) (fee equal to 30% of recovery, plus expenses);

295.  *In re GE Energy Choice Light Bulb Consumer Litig.*, Master File No. C-92-4447-BAC (N.D. Cal. Oct. 22, 1993) (fee equal to 30% of recovery, plus expenses);

296.  *In re Amdahl Sec. Litig.*, Master File No. C-92-20609-JW(EAI) (N.D. Cal. Sept. 10, 1993) (fee equal to 30% of recovery, plus expenses);

297.  *In re International Technology Corp. Sec. Litig.*, Master File No. CV-88-440-RMT(Sx) (C.D. Cal. Aug. 24, 1993) (fee equal to 30% of recovery, plus expenses);

298.  *In re Great American Bank, SSB, Securities/Derivative Litig.*, Civil No. 89-1571-N(M) (S.D. Cal. Aug. 11, 1993) (fee equal to 30% of recovery, plus expenses);

299.   *In re Synoptics Sec. Litig.*, No. C-91-20429-WAI(EAI) (N.D. Cal. June 28, 1993) (fee equal to 30% of recovery, plus expenses);

300.   *Church v. Consolidated Freightways, Inc.*, Nos. C-90-2290-DLJ and C-91-4168-DLJ (N.D. Cal. April 30, 1993) (fee equal to 30% of recovery, plus expenses);

301.   *In re Falcon Cable Sec. Litig.*, No. CV-91-2944-THJ(GHKx) (C.D. Cal. March 11, 1993) (fee equal to 30% of recovery, plus expenses);

302.   *In re Software Toolworks Inc. Sec. Litig.*, Master File No. C-90-2906-FMS (N.D. Cal. Dec. 4, 1992) (fee equal to 30% of recovery, plus expenses);

303.   *In re Saatchi & Saatchi Sec. Litig.*, Master File No. 90-0669-RMT(Ex) (C.D. Cal. Oct. 5, 1992) (fee equal to 30% of recovery, plus expenses);

304.   *Cytryn v. Cook*, No. C-89-20801-RFP (N.D. Cal. May 1, 1992) (fee equal to 30% of recovery, plus expenses);

305.   *In re Wyse Technologies Sec. Litig.*, Civ. No. 89-1818-WHO (N.D. Cal. March 30, 1992) (fee equal to 30% of recovery, plus expenses);

306.   *In re DCA Sec. Litig.*, Master File No. 1:89-CV-2195-RCF (N.D. Ga. Jan. 6, 1992) (fee equal to 30% of recovery, plus expenses);

307.   *In re Network Equipment Technologies Sec. Litig.*, Master File No. C-90-1138-DLJ (N.D. Cal. Dec. 16, 1991) (fee equal to 30% of recovery, plus expenses);

308.   *In re Cetus Corp. Sec. Litig.*, Master File No. C-90-2042(A)-EFL (N.D. Cal. Oct. 25, 1991) (fee equal to 30% of recovery, plus expenses);

309.   *Perkins v. Preletz*, Civ. No. 90-2006-WAI (N.D. Cal. Oct. 1, 1991) (fee equal to 30% of recovery, plus expenses);

310.   *Corron v. Koppers Co.*, No. Civ. S-88-429-DFL/JFM (E.D. Cal. Sept. 16, 1991) (fee equal to 30% of recovery, plus expenses);

311.   *In re Technical Equities Federal Sec. Litig.*, C-86-20157(A)-WAI (N.D. Cal. July 23, 1991) (fee equal to 30% of recovery, plus expenses);

312.   *Hartley v. Stamford Towers Limited Partnership*, No. C-90-2146-JPV (N.D. Cal. July 11, 1991) (fee equal to 30% of recovery, plus expenses);

313.   *Sweet v. Hanson*, No. C-88-4041-DLJ (N.D. Cal. June 27, 1991) (fee equal to 30% of recovery, plus expenses);

314.   *In re Businessland Sec. Litig.*, C-90-20476-RFP (N.D. Cal. June 18, 1991) (fee equal to 30% of recovery, plus expenses);

315.   *In re Genentech, Inc. Sec. Litig.*, Master File No. C-88-4038-DLJ (N.D. Cal. Feb. 21, 1991) (fee equal to 30% of recovery, plus expenses);

316. *In re Verbatim Sec. Litig.*, Master File No. C-84-20164(A)-SW (N.D. Cal. Feb. 13, 1991) (fee equal to 30% of recovery, plus expenses);

317. *Roberts v. Heim*, [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,221 (N.D. Cal. 1991) (fee equal to 30% of recovery, plus expenses);

318. *Weinberger v. Schroeder*, Civ. No. 84-20757-WAI (N.D. Cal. Nov. 16, 1990) (fee equal to 30% of recovery, plus expenses);

319. *Teichler v. DSC Communications Corp.*, CA3-85-2005-T (N.D. Tex. Oct. 24, 1990) (fee equal to 30% of recovery, plus expenses);

320. *In re Allegheny International Shareholder Litig.*, Civil Action No. 86-1651 (W.D. Pa. Sept. 20, 1990) (fee equal to 30% of recovery, plus expenses);

321. *In re National Education Corporation Sec. Litig.*, Master File No. SACV-89-405-AHS (C.D. Cal. Aug. 13, 1990) (fee equal to 30% of recovery, plus expenses);

322. *In re Trustcorp. Sec. Litig.*, Civ. No. 3:89-CV-7139 (N.D. Ohio Aug. 3, 1990) (fee equal to 30% of recovery, plus expenses);

323. *Feldman v. Glaze*, Civ. No. C-87-20723-WAI (N.D. Cal. June 4, 1990) (fee equal to 30% of recovery, plus expenses);

324. *Sanders v. Robinson Humphrey/American Express, Inc.*, No. 1:85-cv-172-RLV (N.D. Ga. May 23, 1990) (fee equal to 30% of recovery, plus expenses);

325. *Imperial Corporation of America v. Thygerson*, Civ. No. 89-0126-JLI(M) (S.D. Cal. Feb. 22, 1990) (fee equal to 30% of recovery, plus expenses);

326. *In re MDC Holdings Sec. Litig.*, [1990 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,474 (S.D. Cal. 1990) (fee equal to 30% of recovery, plus expenses);

327. *Heideman v. Toreson*, Civ. No. C-86-200024-SW (N.D. Cal. Dec. 26, 1989) (fee equal to 30% of recovery, plus expenses);

328. *In re Gibraltar Financial Corp. Sec. Litig.*, CV-87-07876-MRP(Bx) (C.D. Cal. Sept. 9, 1989) (fee equal to 30% of recovery, plus expenses);

329. *In re Eagle Computer Sec. Litig.*, C-84-20382(A)-SW (N.D. Cal. 1989) (fee equal to 30% of recovery, plus expenses);

330. *In re Pizza Time Theatre Sec. Litig.*, C-84-20048(A)-RPA (N.D. Cal. 1989) (fee equal to 30% of recovery, plus expenses);

331. *Larkins v. Singley*, Civ. No. 83-2533-PHX CLH (D. Ariz. Dec. 17, 1988) (fee equal to 30% of recovery, plus expenses);

332. *In re Cousins Sec. Litig.*, 84-1821-B(IEG) (S.D. Cal. 1988) (fee equal to 30% of recovery, plus expenses);

333. *Mancino v. McMahan*, No. C-84-0407-CAL (N.D. Cal. Jan. 28, 1987) (fee award equal to 30% of recovery, plus expenses);

334. *Eltman v. Grandma Lee's, Inc.*, [1986-1987 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶92,798 (E.D.N.Y. 1986) (fee award equal to 30% of total recovery, plus expenses);

335. *Friedland v. Barnes*, [1986-1987 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶92,754 (S.D.N.Y. 1986) (30% of the settlement fund awarded as attorneys' fees, plus expenses);

336. *McFarland v. Memorex Corp.*, C-79-2007 (N.D. Cal. 1985) (fee award equal to 30% of total recovery, plus expenses);

337. *Epstein v. Weiss*, [1969-1970 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶92,588 (E.D. La. 1970) (fee award equal to 30% of total recovery, plus expenses).

C:\Documents and Settings\yvetteg\Local Settings\Temporary Internet Files\OLK11A\F-Exp 30% lst.doc
Revised June 15, 2010

1    <u>CERTIFICATE OF SERVICE</u>

2         I hereby certify that on September 16, 2010, I authorized the electronic filing of the foregoing

3    with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4    the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5    caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6    CM/ECF participants indicated on the attached Manual Notice List.

7         I further certify that I caused this document to be forwarded to the following Designated

8    Internet Site at: http://securities.stanford.edu.

9         I certify under penalty of perjury under the laws of the United States of America that the

10   foregoing is true and correct. Executed on September 16, 2010.

11

12                             <u>s/ JEFFREY D. LIGHT</u>
                               JEFFREY D. LIGHT

13

14                             ROBBINS GELLER RUDMAN
                                   & DOWD LLP

15                             655 West Broadway, Suite 1900
                               San Diego, CA 92101-3301

16                             Telephone: 619/231-1058
                               619/231-7423 (fax)

17                             E-mail:JeffL@rgrdlaw.com

18

19

20

21

22

23

24

25

26

27

28

577727_2

# Mailing Information for a Case 3:03-cv-04999-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Susan K. Alexander**
  SuziA@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Lauren Block**
  lblock@milberg.com

- **Brian D. Brooks**
  bbrooks@murrayfrank.com

- **Ross B. Brooks**
  rbrooks@milberg.com

- **Matthew Dean Brown**
  mbrown@cooley.com,nafeyla@cooley.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Lori G. Feldman**
  lfeldman@milberg.com

- **Linda M. Fong**
  lfong@kaplanfox.com,kweiland@kaplanfox.com,lbarry@kaplanfox.com

- **David Jude George**
  dgeorge@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Robert A. Jigarjian**
  jigarjianlaw@gmail.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,kramerns@cooley.com

- **Laurence D. King**
  lking@kaplanfox.com,kweiland@kaplanfox.com,lbarry@kaplanfox.com

- **Jeffrey David Light**

jeffl@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Douglas C McDermott**
  doug@mcdermottnewman.com,eric@mcdermottnewman.com

- **John W. Pillette**
  CAND.USCOURTS@classcounsel.com

- **Robert Jeffrey Robbins**
  rrobbins@lerachlaw.com,ppuerto@lerachlaw.com

- **David Avi Rosenfeld , Esq**
  drosenfeld@geller-rudman.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Jennifer J. Sosa**
  jsosa@milberg.com

- **Sanford Svetcov**
  sandys@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Marc M. Umeda**
  MUmeda@robbinsumeda.com,notice@robbinsumeda.com

- **Joshua H. Vinik**
  jvinik@milberg.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jack G. Fruchter
Abraham Fruchter & Twersky LLP
One Penn Plaza
Suite 2805
New York, NY 10119

Holly W. Kimmel
Coughlin Stoia Geller Rudman & Robbins LLP
120 E. Palmetto Park Road
Suite 500
Boca Raton, FL 33432-4809

James M. Orman
Law Offices of James M. Orman
1845 Walnut Street, 14th Floor
Philadelphia, PA 19103
```