1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

| In re GILEAD SCIENCES SECURITIES LITIGATION | ) ) ) | Master File No. C-03-4999-SI |
|---|---|---|
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | AFFIDAVIT OF MICHELLE M. LA COUNT |
| | ) | OF A.B. DATA LTD. REGARDING |
| ALL ACTIONS. | ) | MAILING OF SETTLEMENT NOTICE AND |
| | ) | PROOF OF CLAIM FORMS AND |
| | | PUBLICATION OF SUMMARY NOTICE |

13
14
15
16
17

DATE:        November 5, 2010
TIME:        10:30 a.m.
COURTROOM:   The Honorable Susan Illston

18
19
20
21
22
23
24
25
26
27
28

**AFFIDAVIT OF MICHELLE M. LA COUNT OF A.B. DATA LTD. REGARDING**

**MAILING OF SETTLEMENT NOTICE AND PROOF OF CLAIM FORMS AND**

**PUBLICATION OF SUMMARY NOTICE**

I, Michelle M. La Count, being first duly sworn, certify as follows:

1.      I am the Senior Account Executive with A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data") in Milwaukee, Wisconsin.  A.B. Data was appointed as the Claims Administrator herein pursuant to paragraph 6 of the Order Preliminarily Approving Settlement and Providing for Notice, entered herein on July 8, 2010.

2.      I submit this Affidavit at the request of Plaintiffs' Co-Lead Counsel in connection with the class action notice administration proceedings in the above-captioned action (the "Action").

3.      This Affidavit is based upon my personal knowledge and upon information provided by Plaintiffs' Co-Lead Counsel, my associates, and staff.

4.      This Affidavit reports the implementation of the notice administration program, including the following, and as more fully described below:

   a.  Disseminating the:  i) Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release (the "Claim Form") (together referred to hereafter as the "Notice Packet"), annexed as Exhibit A hereto, to Class Members by First-Class Mail, postage paid; ii) cover letter to banks, brokers, and other nominees, annexed as Exhibit B hereto, which was sent by First-Class Mail, postage paid, along with a copy of the Notice Packet to the 6,069 banks, brokers, and other nominees on the A.B. Data proprietary list of banks, brokers, and other nominees (the "Proprietary List"); and iii) an electronic version of the cover letter to banks, brokers, and other nominees along with an electronic copy of the Notice Packet via email to 1,464 of the largest banks, brokers, and other nominees on the Proprietary List that hold securities on behalf of beneficial owners;

1

b.  Establishing a case-specific toll-free line with an interactive voice response system;

c.  Uploading certain case-related documents, as set forth in paragraph 13, per the request of Plaintiffs' Co-Lead Counsel to a case-specific website GileadSecuritiesSettlement.com in addition to a case page on A.B. Data's website, abdataclassaction.com; and

d.  Publishing the Summary Notice (the "Summary Notice") in *Investor's Business Daily*, annexed as Exhibit C hereto.

**NOTICE IMPLEMENTATION**

5.  On or about July 1, 2010, A.B. Data received a list of 391 names and addresses of shareholders of record from defense counsel in conjunction with the transfer agent.

6.  On or about July 7, 2010, A.B. Data received the Court-approved draft of the Notice Packet and formatted it for printing.

7.  On or about July 15, 2010, A.B. Data printed the Notice Packet in preparation for mailing.

8.  In accordance with the Order Preliminarily Approving Settlement and Providing for Notice, the mailing was to occur no later than July 23, 2010.

9.  On July 23, 2010, A.B. Data delivered 6,460 Notice Packets (391 going to the shareholders of record and 6,069 going to banks, brokers, and nominees on the Proprietary List) to the USPS to be mailed via First-Class Mail, postage prepaid.

10.  As of September 8, 2010, an additional 67,726 Notice Packets have been delivered to or sent on behalf of banks, brokers, and other nominees through the fulfillment request process pursuant to the Special Notice to Nominees section of the Notice for dissemination to the clients of said entities, for a total of 74,186 Notice Packets being forwarded to date.

11.     As of September 8, 2010, 1,304 of the 74,186 Notice Packets forwarded have been returned by the USPS to A.B. Data as undeliverable as addressed (UAA); of those returned UAA, 190 had forwarding addresses and were re-sent.

**INTERACTIVE VOICE RESPONSE (IVR) SYSTEM**

12.     On or about July 23, 2010, a case-specific toll-free number, 866-217-4457, was established with an IVR system and live operators.  The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions.  If callers need further help, they have the option to be transferred to a live operator during business hours.  Voice mail messages were returned within one business day.

**WEBSITE AND EMAIL ADDRESS**

13.     On or about July 23, 2010, A.B. Data posted case-related documents to the case-specific website GileadSecuritiesSettlement.com. as well as a case page on A.B. Data's website, abdataclassaction.com.  Included on the page is general information regarding the case and its current status as well as the following case-related documents available for download by potential Class Members:  (1) the Notice, (2) the Claim Form, (3) the Stipulation of Settlement, (4) the Electronic Claims Filing Guidelines, and (5) the Electronic Claims Filing Template.

14.     An    email    address    was    also    established    for    claimant    inquiries    at info@GileadSecuritiesSettlement.com.  All inquiries were responded to within one business day. A.B. Data will continue to respond to all inquiries received.

**PUBLICATION**

15.     A.B. Data caused the publication of the Summary Notice in *Investor's Business Daily* on July 30, 2010.  The verification of publication is annexed hereto as Exhibit D.

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    Executed this 8th day of September 2010.

4

5                                                    _Michelle M. La Count_

6                                                    Michelle M. La Count

7    State of Wisconsin      )

8                            ) ss.

9    Milwaukee County        )

10

11   SUBSCRIBED and SWORN before me on this 8th day of September 2010.

12

13   _Myra Banks_

14   Myra Banks, Notary Public

15   My commission expires:  5/4/14 .

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      4

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re GILEAD SCIENCES SECURITIES LITIGATION ) | Master File No. C-03-4999-SI |
| This Document Relates To: ) | CLASS ACTION |
| ALL ACTIONS. ) | NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |

**If you purchased Gilead Sciences, Inc. ("Gilead") common stock or call options or wrote (sold) put options on Gilead common stock (collectively, "Gilead Publicly Traded Securities") during the period from and including July 14, 2003 through and including October 28, 2003 (the "Class Period") and are not otherwise excluded from the Class (see Question 6 below), you could get a payment from a class action settlement.**

A federal court authorized this Settlement Notice.[1] This is not a solicitation from a lawyer.

**Security and Time Period**: Gilead common stock (symbol "GILD") and call options purchased and put options written (sold to open) on Gilead common stock from and including July 14, 2003 through and including October 28, 2003.

**Statement of Plaintiff Recovery**: $8,250,000 in cash plus any interest earned. Your recovery will depend on the timing of your purchases and any sales of Gilead Publicly Traded Securities during the Class Period. Based on the information currently available to Lead Plaintiffs and the analysis performed by their damage consultants, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below in Question 9), the estimated average distribution per share of common stock will be approximately $0.05 before deduction of Court-approved fees and expenses, including the cost of notifying Members of the Class and settlement administration. Historically, actual claims rates are less than 100%, which result in higher distributions per share. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including the danger of no recovery.

**Statement of Potential Outcome of Case:** Continuing with the case could result in loss at summary judgment, trial or on appeal or a plaintiffs' verdict after trial. The two sides vigorously disagree on both liability and the amount of money that could be won if Lead Plaintiffs prevailed at trial. The parties disagree about (1) the method for determining whether the price of Gilead Publicly Traded Securities was artificially inflated during the relevant period; (2) the amount of any such alleged inflation; (3) that there was any wrongdoing on the part of Defendants; (4) the extent to which various facts alleged by Lead Plaintiffs influenced the trading price of Gilead Publicly Traded Securities during the Class Period, if at all; and (5) whether the facts alleged were material, false, misleading, or otherwise actionable under the federal securities laws.

**Attorneys' Fees and Expenses:** Court-appointed Lead Plaintiffs' counsel will ask the Court for attorneys' fees of 30% of the Settlement Fund and expenses not to exceed $350,000 to be paid from the Settlement Fund plus interest. Lead Plaintiffs' counsel have not received any payment for their work investigating the facts, prosecuting this Action, and negotiating this Settlement on behalf of the Lead Plaintiffs and the Class. If the above amounts are requested and approved by the Court, the average cost per share will be $0.017.

**Deadlines:**

| | |
|---|---|
| Submit Claim: | **December 6, 2010** |
| Request Exclusion: | **September 30, 2010** |
| File Objection: | **September 30, 2010** |
| **Court Hearing on Fairness of Settlement:** | **November 5, 2010** |

**More Information:** GileadSecuritiesSettlement.com or

**Claims Administrator:**

| | | |
|---|---|---|
| Gilead Sciences Securities Litigation | **Representative of Plaintiffs' Co-Lead Counsel:** | |
| Claims Administrator | Rick Nelson | Lori G. Feldman |
| c/o A.B. Data, Ltd. | Shareholder Relations | MILBERG LLP |
| PO Box 170500 | ROBBINS GELLER RUDMAN & DOWD LLP | One Penn Plaza |
| Milwaukee, WI 53217-8042 | 655 West Broadway, Suite 1900 | New York, NY 10119 |
| 866-217-4457 | San Diego, CA 92101 | 212-594-5300 |
| | 800-449-4900 | |

- Your legal rights are affected whether you act or do not act. Read this Settlement Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. |
| **EXCLUDE YOURSELF** | Receive no payment. This is the only option that allows you to participate in another lawsuit against the Defendants for the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the request for attorneys' fees and expenses, or the Plan of Allocation. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive no payment. Give up your rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Settlement Notice.
- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement dated June 28, 2010 ("Stipulation").

## BASIC INFORMATION

**1.  Why did I get this notice package?**

You or someone in your family may have purchased Gilead Publicly Traded Securities from and including July 14, 2003 through and including October 28, 2003.

The Court directed that you be sent this Settlement Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves it and after any objections or appeals (if any) are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Gilead Sciences Securities Litigation*, Master File No. C-03-4999-SI (the "Action").  The persons who lead the Action, Trent St. Clare and Terry Johnson, are called Lead Plaintiffs, and Gilead and the individuals they sued are called Defendants.

**2.  What is this lawsuit about?**

This Action alleges that Gilead and its President and Chief Executive Officer, Chief Financial Officer, and four of Gilead's Vice Presidents violated the federal securities laws by making false and misleading statements during the Class Period regarding sales of Viread, one of Gilead's HIV/AIDS drugs.  Gilead is a biopharmaceutical company that discovers, develops, markets, and sells pharmaceutical products that are treatments for life threatening illnesses.  As a result, Gilead is subject to the Federal Food, Drug, and Cosmetic Act and its implementing regulations which set forth the manner in which pharmaceutical companies are permitted to market and promote their products.  Use of nonapproved materials is considered "off-label" marketing and is illegal.  Lead Plaintiffs allege that during the Class Period, Defendants failed to disclose that they were allegedly engaged in illegal off-label marketing of Viread, that statements made by Defendants during the Class Period regarding Viread sales caused the price of Gilead securities to be artificially inflated, and that Class Members suffered damages when Defendants disclosed Gilead's true financial condition on October 28, 2003 and the price of Gilead's securities declined as a result.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiffs, as well as all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  In particular, Defendants deny that they engaged in off-label marketing of any kind and assert that they at all times complied with all laws and regulations governing the sale and marketing of Viread.  Defendants also expressly have denied and continue to deny that they made any false or misleading statements during the Class Period regarding Viread or otherwise, that Lead Plaintiffs or the Class have suffered damages of any kind, and that the price of Gilead common stock was artificially inflated during the Class Period as the result of any alleged misrepresentations, omissions, nondisclosures, or other conduct by Defendants.

**3.  Why is this a class action?**

In a class action, one or more people called class representatives (in this case, the Court-appointed Lead Plaintiffs, Trent St. Clare and Terry Johnson) sue on behalf of people who have similar claims.  Here, all of these people and/or entities are called a Class or Class Members.  One judge, in this case United States District Judge Susan Illston, resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**4.  Why is there a settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants.  Instead, the lawyers for both sides of the lawsuit have negotiated a Settlement, with the assistance of a highly respected mediator, retired federal judge Layn R. Phillips, that they believe is in the best interests of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals and permits Class Members to be compensated without further delay.  The Lead Plaintiffs and their attorneys think the Settlement is best for all Class Members.

## WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

**5.  How do I know if I am part of the Settlement?**

The Class includes **all Persons who purchased Gilead Publicly Traded Securities from and including July 14, 2003 through and including October 28, 2003.**

**6.  Are there exceptions to being included in the Class?**

Yes. Defendants, the officers and directors of Gilead during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any such excluded Person has or had a controlling interest, are excluded from the Class.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Settlement Notice.

**7.  I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help.  You can call 866-217-4457 or visit GileadSecuritiesSettlement.com for more information, or you can call Rick Nelson at 800-449-4900 or Lori G. Feldman at 212-594-5300 for more information or you can fill out and return the Proof of Claim described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**8.  What does the Settlement provide?**

Gilead has agreed to pay or cause to be paid $8,250,000 in cash (the "Settlement Fund").  The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid Proofs of Claim ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses; the costs of notifying Class Members, including the costs of printing and mailing this Settlement Notice and the cost of publishing newspaper notice; and the costs of claims administration.

**9.  How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many shares of stock you purchased during the relevant period and when you bought and sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proofs of Claim, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims. See the Plan of Allocation below for more information on your Recognized Claim. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

**Section 10(b) Claims for Common Stock**

**Note:  Per-share amounts are not adjusted for the subsequent 9/30/04 and 6/22/07 stock splits.**

Class Period:  From and including July 14, 2003 through and including October 28, 2003

The allocation below is based on the October 29, 2003 price decline of $7.46 per share as well as the statutory PSLRA 90-day look-back average value for sales from October 29, 2003 through January 28, 2004 and a holding value of $58.01 per share for shares held after the close of trading on January 26, 2004.

**PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AMONG CLASS MEMBERS**

The $8,250,000 cash settlement amount and the interest earned thereon shall be the Settlement Fund. The Settlement Fund, less all taxes, costs, fees, and expenses (the Net Settlement Fund) shall be distributed to Members of the Class who submit acceptable Proof of Claim forms (Authorized Claimants).

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

The following Plan of Allocation reflects Lead Plaintiffs' allegations that the price of Gilead common stock was artificially inflated during the Class Period (from and including July 14, 2003 through and including October 28, 2003) and that the $7.46-per-share decrease in the price of Gilead common stock upon revelations made after the close of trading on October 28, 2003 reflected the elimination of the artificial inflation that the Defendants' alleged misrepresentations may have caused.

Pursuant to the PSLRA, the Plan of Allocation also reflects the fact that in the 90 days following the alleged corrective disclosure, the price of Gilead common stock partially rebounded and that Class Members who sold during the 90-day period following the October 29, 2003 disclosure or who held at the end of the 90-day period (on January 26, 2004) may have recovered part of the loss allegedly occurring immediately upon the alleged corrective disclosure.

**COMMON STOCK PURCHASES**

For shares of Gilead common stock **purchased during the Class Period (from and including July 14, 2003 through and including October 28, 2003)**, a Claimant's Recognized Claim shall be calculated as follows:

    (a)  **If sold on or before October 28, 2003**, the Recognized Claim is zero ($0.00).

    (b)  **If sold at a gain prior to January 26, 2004**, the Recognized Claim is zero ($0.00).

    (c)  **If sold at a loss during the period from October 29, 2003 through and including January 26, 2004**, the Recognized Claim shall be **the least of (i)** $7.46 per share (the October 29, 2003 price decline) **or (ii)** the difference between the purchase price paid and the sales price received **or (iii)** the difference between the purchase price paid and the average closing price per share up to the date of sale as set forth in the table below.

    (d)  If retained as of the close of trading on January 26, 2004, the Recognized Claim shall be **the lesser of (i)** $7.46 per share **or (ii)** the difference between the purchase price paid and $58.01 per share (the statutory PSLRA 90-day look-back average amount).

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|---|---|
| 29-Oct-03 | $52.00 | $52.00 | 19-Nov-03 | $54.72 | $53.79 | 11-Dec-03 | $56.04 | $55.78 |
| 30-Oct-03 | $54.36 | $53.18 | 20-Nov-03 | $55.64 | $53.90 | 12-Dec-03 | $56.04 | $55.79 |
| 31-Oct-03 | $54.56 | $53.64 | 21-Nov-03 | $56.80 | $54.06 | 15-Dec-03 | $56.08 | $55.80 |
| 3-Nov-03 | $54.36 | $53.97 | 24-Nov-03 | $59.36 | $54.34 | 16-Dec-03 | $56.36 | $55.81 |
| 4-Nov-03 | $53.68 | $53.91 | 25-Nov-03 | $58.28 | $54.54 | 17-Dec-03 | $57.08 | $55.85 |
| 5-Nov-03 | $52.60 | $53.69 | 26-Nov-03 | $58.76 | $54.74 | 18-Dec-03 | $58.76 | $55.93 |
| 6-Nov-03 | $53.92 | $53.73 | 28-Nov-03 | $58.68 | $54.92 | 19-Dec-03 | $59.40 | $56.02 |
| 7-Nov-03 | $53.40 | $53.69 | 1-Dec-03 | $60.16 | $55.14 | 22-Dec-03 | $59.64 | $56.12 |
| 10-Nov-03 | $52.08 | $53.51 | 2-Dec-03 | $59.84 | $55.34 | 23-Dec-03 | $59.48 | $56.20 |
| 11-Nov-03 | $52.16 | $53.37 | 3-Dec-03 | $58.64 | $55.47 | 24-Dec-03 | $59.16 | $56.28 |
| 12-Nov-03 | $54.20 | $53.45 | 4-Dec-03 | $58.68 | $55.60 | 26-Dec-03 | $58.96 | $56.34 |
| 13-Nov-03 | $55.04 | $53.58 | 5-Dec-03 | $57.60 | $55.67 | 29-Dec-03 | $58.60 | $56.40 |
| 14-Nov-03 | $54.28 | $53.63 | 8-Dec-03 | $57.28 | $55.73 | 30-Dec-03 | $58.16 | $56.44 |
| 17-Nov-03 | $54.72 | $53.71 | 9-Dec-03 | $56.72 | $55.76 | 31-Dec-03 | $58.28 | $56.48 |
| 18-Nov-03 | $53.96 | $53.73 | 10-Dec-03 | $56.00 | $55.77 | 2-Jan-04 | $58.04 | $56.51 |

| Date | Closing Price | Average Closing Price |
|------|---------------|------------------------|
| 5-Jan-04 | $58.16 | $56.55 |
| 6-Jan-04 | $57.96 | $56.58 |
| 7-Jan-04 | $62.36 | $56.70 |
| 8-Jan-04 | $61.36 | $56.80 |
| 9-Jan-04 | $62.40 | $56.91 |

| Date | Closing Price | Average Closing Price |
|------|---------------|------------------------|
| 12-Jan-04 | $62.84 | $57.02 |
| 13-Jan-04 | $61.44 | $57.11 |
| 14-Jan-04 | $61.04 | $57.18 |
| 15-Jan-04 | $61.96 | $57.27 |
| 16-Jan-04 | $63.40 | $57.38 |

| Date | Closing Price | Average Closing Price |
|------|---------------|------------------------|
| 20-Jan-04 | $63.56 | $57.49 |
| 21-Jan-04 | $65.36 | $57.63 |
| 22-Jan-04 | $65.20 | $57.76 |
| 23-Jan-04 | $65.76 | $57.90 |
| 26-Jan-04 | $64.52 | $58.01 |

**CALL OPTION PURCHASES**

For call options on Gilead common stock **purchased (to open) during the Class Period (from and including July 14, 2003 through and including October 28, 2003)**, a Claimant's Recognized Claim shall be calculated as follows:

(a) The Recognized Claim is zero ($0.00) for any call options on Gilead common stock purchased during the Class Period that were **not owned at the close of trading on October 28, 2003.**

(b) **If exercised by the Claimant during the Class Period**, the Recognized Claim, if any, shall be calculated as a purchase of common stock on the exercise date for the exercise price plus the cost of the call option.

(c) **If open and unexercised and still owned by the Claimant at the close of trading on October 28, 2003**, the Recognized Claim for call options on Gilead common stock purchased (to open) during the Class Period shall be **the lesser of (i)** the difference, if a loss, between (x) the amount paid for the call options during the Class Period and (y) the sum for which said call options were subsequently sold at a loss (or $0.00) if the call option expired while still owned by the Claimant **or (ii)** $7.46 per share covered by such call option contracts.

NOTE: No Recognized Claim will be allowed with respect to call options on Gilead common stock **written** (sold to open) and repurchased during the Class Period.

**PUT OPTION SALES**

For put options on Gilead common stock **written (sold to open) during the Class Period (from and including July 14, 2003 through and including October 28, 2003)**, a Claimant's Recognized Claim shall be calculated as follows:

(a) **If repurchased on or before the close of trading on October 28, 2003, or otherwise NOT the open, unexercised liability of the Claimant at the close of trading on October 28, 2003**, the Recognized Claim is zero ($0.00).

(b) **If repurchased for less than the premium received on the sale**, the Recognized Claim is zero ($0.00).

(c) **If exercised, at any time during or after the Class Period**, the Recognized Claim is calculated as if it were a purchase of Gilead common stock as shown above and as if the writing (sale) of the put option were instead a purchase of Gilead common stock on the date of the writing (sale) of the put option, and the common stock purchase price paid shall be the strike price less the proceeds received on the sale of the put option.

(d) **If open and unexercised at the close of trading on October 28, 2003 and thereafter repurchased at a loss**, the Recognized Claim is **the lesser of (i)** the difference between the price paid upon settlement of the put option contract, less the initial proceeds received upon the sale of the put option contract **or (ii)** $7.46 per share covered by the put options.

(e) **If expired and unexercised on or after the close of trading on October 28, 2003**, the Recognized Claim is zero ($0.00).

NOTE: No Recognized Claim, zero ($0.00), will be allowed with respect to put options on Gilead common stock purchased to open during the Class Period.

NOTE: The combined recovery for the put/call options shall not exceed 3% of the Net Settlement Fund.

To the extent a Claimant had a gain from his, her, or its overall transactions in Gilead Publicly Traded Securities during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her, or its overall transactions in Gilead Publicly Traded Securities during the Class Period, but that loss was less than the Recognized Claim calculated pursuant to the above provisions, then the Recognized Claim shall be limited to the amount of the actual loss.

For purposes of determining whether a Claimant had a gain from his, her, or its overall transactions in Gilead Publicly Traded Securities during the Class Period or suffered a loss, the Claims Administrator shall (i) total the amount paid for all Gilead Publicly Traded Securities purchased during the Class Period by the Claimant (the "Total Purchase Amount"); (ii) match any sales of Gilead Publicly Traded Securities during the Class Period first against the Claimant's opening position in the Gilead Publicly Traded Securities (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining Gilead Publicly Traded Securities sold during the Class Period (the "Sales Proceeds"); and (iv) ascribe a holding value for the Gilead Publicly Traded Securities[2] as outlined in the Recognized Claim formula ("Holding Value"). The difference between (i) the Total Purchase Amount and the (ii) sum of the Sales Proceeds and Holding Value will be deemed a Claimant's gain or loss on his, her, or its overall transactions in Gilead Publicly Traded Securities during the Class Period.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. The minimum distribution amount to an Authorized Claimant with a valid Recognized Claim shall be $10.00.

---

[2] For options, the Holding Value is the amount, if any, by which the strike price was "in-the-money" as of the close of trading on October 28, 2003.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim will nevertheless be bound by the Settlement and any judgment of the Court dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Settlement Fund after six (6) months from the date of the initial distribution of the Settlement Fund to Authorized Claimants (whether by reason of tax refunds, uncashed checks, or otherwise), then such balance shall, if feasible, be redistributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. Six months after such redistribution, any remaining balance shall be contributed to one or more not-for-profit 501(c)(3) organizations to be designated by Plaintiffs' Co-Lead Counsel.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, any claims administrator, or other Person designated by Lead Plaintiffs' counsel or Defendants and/or the Released Persons and/or their counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim will be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court) but otherwise will be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM

### 10.  How will I get a payment?
To qualify for a payment, you must send in a Proof of Claim. A Proof of Claim is enclosed with this Settlement Notice. Please read the instructions carefully. You must fill out the form, include all the information and documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than December 6, 2010.

### 11.  When will I get my payment?
The Court will hold a Fairness Hearing on November 5, 2010, at 10:30 a.m., to decide whether to approve the Settlement. If Judge Illston approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months to a year after the Fairness Hearing (see Question 20 below). Please be patient.

### 12.  What am I giving up to get a payment or stay in the Class?
Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or about issues that could have been asserted in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims in this case against the Released Persons.

"Released Claims" shall collectively mean any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, that (i) have been asserted in this Action by the Class Members or any of them against any of the Released Persons (as defined below), or (ii) could have been asserted in any forum by the Class Members or any of them against any of the Released Persons which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the pleadings and papers on file in this Action, including, without limitation, the Fifth Consolidated Amended Class Action Complaint for Violation of Federal Securities Laws, and that relate to the purchase of Gilead Publicly Traded Securities during the Class Period.

"Released Persons" means collectively any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, partners, agents, employees, attorneys, insurers, insureds and any person, firm, trust, corporation, officer, director or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of the Defendants.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13.  How do I get out of the Class?
To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *In re Gilead Sciences Securities Litigation*, Master File No. C-03-4999-SI. You must include your name, address, telephone number, and your signature. Your letter should also state the date(s), price(s), and number(s) of all of your purchases and sales of Gilead common stock and put and call options during the Class Period (July 14, 2003 through October 28, 2003, inclusive). You must mail your exclusion request postmarked no later than September 30, 2010 to:

GILEAD SCIENCES SECURITIES LITIGATION
CLAIMS ADMINISTRATOR
EXCLUSIONS
C/O A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI  53217-8042

You cannot exclude yourself on the phone or by email. If you ask to be excluded, you are not eligible to get any Settlement payment and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Action.

QUESTIONS?  CALL 866-217-4457 OR VISIT GILEADSECURITIESSETTLEMENT.COM                    Page 5 of 7

**14.  If I do not exclude myself, can I sue the Defendants for the same thing later?**
No.  Unless you exclude yourself, you give up any right to sue the Defendants for the claims that this Settlement resolves.  Remember, the exclusion deadline is September 30, 2010.

**15.  If I exclude myself, can I get money from this Settlement?**
No.  If you exclude yourself, do not send in a Proof of Claim to ask for any money.  Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

## THE LAWYERS REPRESENTING YOU

**16.  Do I have a lawyer in this case?**
The Court appointed the law firms of Robbins Geller Rudman & Dowd LLP and Milberg LLP to represent you and other Class Members.  These lawyers are called Plaintiffs' Co-Lead Counsel.  The Court also appointed Kaplan Fox & Kilsheimer LLP as Liaison Counsel.  Plaintiffs' Co-Lead Counsel will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund on behalf of Plaintiffs' Counsel; you will not otherwise be charged for Plaintiffs' Counsel's services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.  How will the lawyers be paid?**
At the Fairness Hearing, Lead Plaintiffs' counsel will request the Court to award attorneys' fees of 30% of the Settlement Fund and for expenses up to $350,000, which were incurred in connection with the Action.  If awarded, the total cost of these awards would be $.017 per share.  This compensation will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  To date, Lead Plaintiffs' counsel have not received any payment for their services in conducting this litigation on behalf of the Lead Plaintiffs and the Class, nor have counsel been paid for their expenses.  The fee requested will compensate Lead Plaintiffs' counsel for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**18.  How do I tell the Court that I do not like the Settlement?**
If you are a Class Member (and you have not excluded yourself), you can object to all or any part of the Settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.  You can give reasons why you think the Court should not approve the Settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed Settlement in *In re Gilead Sciences Securities Litigation*, Master File No. C-03-4999-SI.  Your letter must include your name, address, telephone number, your signature, the number of shares of Gilead common stock and/or call options purchased and/or put options you wrote (sold) from and including July 14, 2003 through and including October 28, 2003, and the reasons you object to the Settlement, the requested attorneys' fees and expenses, or the Plan of Allocation.  Any such objection must be mailed or delivered such that it is received by each of the following no later than September 30, 2010:

**Court:**
Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA  94102

**Plaintiffs' Co-Lead Counsel:**

| | |
|---|---|
| ROBBINS GELLER RUDMAN & DOWD LLP | MILBERG LLP |
| Jeffrey D. Light | Lori G. Feldman |
| 655 West Broadway, Suite 1900 | One Penn Plaza |
| San Diego, CA  92101 | New York, NY  10119 |

**Defendants' Counsel:**
COOLEY LLP
John C. Dwyer
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA  94306

**19.  What is the difference between objecting and excluding myself from the Settlement?**
Objecting is telling the Court that you do not like something about the proposed Settlement.  You can object **only** if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, but you do not have to.

**20.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing at 10:30 a.m. on November 5, 2010 at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any written objections filed in accordance with the instructions in this Settlement Notice. The Court also may listen to people who have properly indicated, within the deadline and in the manner identified in Question 22, an intention to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. The Court will also decide whether to approve the Plan of Allocation and the payment of fees and expenses to Plaintiffs' Counsel. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

You should be aware that the Court may change the date and time of the Fairness Hearing. Thus, if you want to come to the hearing, you should check with Plaintiffs' Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

**21.  Do I have to come to the Fairness Hearing?**

No.  Plaintiffs' Co-Lead Counsel will answer questions Judge Illston may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so.

**22.  May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Gilead Sciences Securities Litigation*, Master File No. C-03-4999-SI.  Your letter must include your name, address, telephone number, your signature, and the number of shares of Gilead common stock and/or call options purchased and/or put options you wrote (sold) from and including July 14, 2003 through and including October 28, 2003.  Your notice of intention to appear must be received no later than September 30, 2010 by the Clerk of the Court, Plaintiffs' Co-Lead Counsel, and Defendants' counsel, at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**23.  What happens if I do nothing at all?**

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case and you will be bound by all of the orders and judgments entered in this Action.

## GETTING MORE INFORMATION

**24.  Are there more details about the Settlement?**

This Settlement Notice summarizes the proposed Settlement.  More details are in the Stipulation of Settlement dated June 28, 2010, which has been filed with the Court.  You can get a copy of the Stipulation from the Clerk's office at the United States District Court, Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, during regular business hours or at GileadSecuritiesSettlement.com.

**25.  How do I get more information?**

You can call 800-449-4900 or write to a representative of Plaintiffs' Co-Lead Counsel, Rick Nelson, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA  92101 or Lori G. Feldman, Milberg LLP, One Penn Plaza, New York, NY  10119, 212-594-5300, or visit the Claims Administrator's website at GileadSecuritiesSettlement.com.  **Please do not call the Court or the Clerk of the Court for additional information about the Settlement.**

**26.  Special notice to nominees**

If you purchased or held any Gilead common stock and/or call options or wrote (sold) put options from and including July 14, 2003 through and including October 28, 2003, as a nominee for a beneficial owner, then within ten (10) days after you receive this Settlement Notice, you must either (1) send a copy of this Settlement Notice by First-Class Mail to all such Persons or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

GILEAD SCIENCES SECURITIES LITIGATION
CLAIMS ADMINISTRATOR
ATTENTION:  FULFILLMENT DEPARTMENT
C/O A.B. DATA, LTD.
3410 WEST HOPKINS STREET
PO BOX 170500
MILWAUKEE, WI  53217-8042

If you choose to mail the Settlement Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Settlement Notice and which would not have been incurred but for the obligation to forward the Settlement Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED:  JULY 7, 2010

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

QUESTIONS?  CALL 866-217-4457 OR VISIT GILEADSECURITIESSETTLEMENT.COM



**For Official Use Only**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re GILEAD SCIENCES SECURITIES LITIGATION )  Master File No. C-03-4999-SI
                                              )
This Document Relates To:                     )  CLASS ACTION
                                              )
ALL ACTIONS.                                  )  PROOF OF CLAIM AND RELEASE

**DEADLINE FOR SUBMISSION: DECEMBER 6, 2010.**

**I.  GENERAL INSTRUCTIONS**

1.  To recover as a Member of the Class based on your claims in the action entitled *In re Gilead Sciences Securities Litigation*, Master File No. C-03-4999-SI (the "Action"), you must complete and, on Page 9 hereof, sign this Proof of Claim and Release. If you fail to submit a properly addressed Proof of Claim and Release form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund[3] created in connection with the proposed Settlement of the Action.

2.  Submission of this Proof of Claim and Release form, however, does not ensure that you will share in the proceeds of the Settlement of the Action.

3.  YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE DECEMBER 6, 2010, ADDRESSED AS FOLLOWS:

    GILEAD SCIENCES SECURITIES LITIGATION
    CLAIMS ADMINISTRATOR
    C/O A.B. DATA, LTD.
    PO BOX 170500
    MILWAUKEE, WI 53217-8042

If you are NOT a Member of the Class (as defined below and in the Notice of Proposed Settlement of Class Action ("Settlement Notice")), **DO NOT** submit a Proof of Claim and Release form.

If you are a Member of the Class and you did not timely and validly request exclusion in connection with the proposed Settlement, and if the Settlement is approved, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**II.  CLAIMANT IDENTIFICATION**

If you purchased Gilead common stock or call options, or wrote (sold) put options on Gilead common stock (collectively, "Gilead Publicly Traded Securities") and held documents evidencing these transactions (*i.e.*, stock certificate(s), etc.) in your name, you are the beneficial owner as well as the owner of record. If, however, you purchased Gilead Publicly Traded Securities and the transactional document(s) was/were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the owner of record.

Use Part 1 of the Proof of Claim and Release form—entitled "CLAIMANT IDENTIFICATION"— to identify each owner of record or nominee (if different from the beneficial owner) of Gilead Publicly Traded Securities for which you seek to make a claim.  **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S), OF THE GILEAD PUBLICLY TRADED SECURITIES UPON WHICH THIS CLAIM IS BASED.**

All joint owners must sign this claim. Executors, administrators, guardians, conservators, trustees, authorized signers, or other legal representatives must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or employer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**III.  CLAIM FORM**

Use Part II of the Proof of Claim and Release form—entitled "TRANSACTIONS IN GILEAD PUBLICLY TRADED SECURITIES"—to supply all required details of your transaction(s) in Gilead Publicly Traded Securities. If you need more space or additional schedules, attach separate sheets providing all of the required information in substantially the same form.  You must (a) sign and (b) print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your purchases and **all** of your sales of Gilead common stock which took place at any time from and including July 14, 2003 through and including January 26, 2004, and all of your purchases and **all** of your sales of Gilead put and call options which took place at any time from and including July 14, 2003 through and including October 28, 2003, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to all of the Gilead Publicly Traded Securities you held at the close of trading on July 13, 2003, October 28, 2003, and January 26, 2004.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

---

[3] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement dated June 28, 2010 ("Stipulation").  The Stipulation can be viewed and/or downloaded at GileadSecuritiesSettlement.com.

QUESTIONS?  CALL 866-217-4457 OR VISIT GILEADSECURITIESSETTLEMENT.COM

The date of covering a "short sale" is deemed to be the date of purchase of Gilead Publicly Traded Securities. The date of a "short sale" is deemed to be the date of sale of Gilead Publicly Traded Securities. Short sales will have no recognized loss; however, these transactions must be included on the Proof of Claim and Release form.

Copies of broker confirmations or other documentation of your transactions in Gilead Publicly Traded Securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

Gilead Publicly Traded Securities that you acquired by means of a gift, inheritance, or operation of law shall only be considered if the securities in question were purchased during the Class Period by the donor, decedent, or transferor and the donor, decedent, or transferor does not submit a Proof of Claim and Release form with respect to the shares. To submit a claim regarding any such shares, you must provide documentation of the original purchase in addition to the transfer.

Separate Proof of Claim and Release forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners or an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim and Release form should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions in Gilead Publicly Traded Securities) and no matter how many accounts the transactions were made in.

## PART I: CLAIMANT IDENTIFICATION

Last Name (Claimant) _____   First Name (Claimant) _____

Last Name (Beneficial Owner If Different From Claimant) _____   First Name (Beneficial Owner) _____

Last Name (Co–Beneficial Owner) _____   First Name (Co–Beneficial Owner) _____

Company/Other Entity (If Claimant Is Not an Individual) _____

Record Owner's Name (If Different From Beneficial Owner Listed Above, e.g., brokerage firm, bank, nominee, etc.) _____

Account Number (If Claimant Is Not an Individual) _____   Trust/Other Date (If Applicable) _____

Address Line 1 _____

Address Line 2 (If Applicable) _____

City _____   State _____   Zip Code _____

Foreign Province _____   Foreign Zip Code _____   Foreign Country _____

○ **Check Here to Use Alternate Address for Distribution (Optional)**
Distribution Address Line 1 _____

Distribution Address Line 2 (If Applicable) _____

QUESTIONS?  CALL 866-217-4457 OR VISIT GILEADSECURITIESSETTLEMENT.COM

City

Foreign Province       Foreign Zip Code       State       Zip Code

Foreign Country

Telephone Number (Day)
(    )      Telephone Number (Night)
(    )

Beneficial Owner's Taxpayer Identification Number or Social Security Number

Email Address

Check appropriate box (check only one box):

☐ Individual/Sole Proprietor ☐ Joint Owners ☐ Pension Plan ☐ Corporation ☐ Partnership ☐ Trust ☐ IRA ☐ Other (describe:

Excluded from the Class are the Defendants, the officers and directors of Gilead during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any such excluded Person has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

☐ Check here if the Claimant or beneficial owner is excluded from the Class.

☐ Check here if the Claimant or beneficial owner was an officer, director, or executive of Gilead at any time during the Class Period. If so, please state position(s) held and dates of employment.

## PART II: TRANSACTIONS IN GILEAD PUBLICLY TRADED SECURITIES

### A. INITIAL COMMON STOCK HOLDINGS:

State the number of shares of Gilead common stock you owned at the close of trading on July 13, 2003. If other than zero, be sure to attach the required documentation.

IF NONE, CHECK HERE ☐

Proof enclosed?

☐ Y ☐ N

### B. COMMON STOCK PURCHASES:

List all purchases of Gilead common stock made from and including July 14, 2003 through and including January 26, 2004. Be sure to attach the required documentation.

| Date(s) of Purchase (List Chronologically) | | | Number of Shares Purchased | Purchase Price Per Share (excluding commissions, transfer taxes or other fees) | Proof of Purchase Enclosed? |
| --- | --- | --- | --- | --- | --- |
| MM | DD | YYYY | | | IF NONE, CHECK HERE ☐ |
| / | / | | | $ . | ☐ Y ☐ N |
| / | / | | | $ . | ☐ Y ☐ N |
| / | / | | | $ . | ☐ Y ☐ N |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale".

### C. TOTAL COMMON STOCK PURCHASES:

State the total number of shares of Gilead common stock purchased from and including July 14, 2003 through and including October 28, 2003. IF NONE, CHECK HERE ☐

Proof enclosed?

☐ Y ☐ N

QUESTIONS? CALL 866-217-4457 OR VISIT GILEADSECURITIESSETTLEMENT.COM

**D. COMMON STOCK SALES:**

List all sales of Gilead common stock made from and including July 14, 2003 through and including January 26, 2004. Be sure to attach the required documentation.

| Date(s) of Sale (List Chronologically) | | | Number of Shares Sold | Sale Price Per Share (excluding commissions, transfer taxes or other fees) | Proof of Sale Enclosed? |
|---|---|---|---|---|---|
| MM | DD | YYYY | | | |
| / | / | | | $ . | ○ Y ○ N |
| / | / | | | $ . | ○ Y ○ N |
| / | / | | | $ . | ○ Y ○ N |

IF NONE, CHECK HERE ☐

**E. TOTAL COMMON STOCK SALES:**

State the total number of shares of Gilead common stock you sold from and including July 14, 2003 through and including October 28, 2003. IF NONE, CHECK HERE ☐

Proof enclosed? ○ Y ○ N

**F. ENDING COMMON STOCK HOLDINGS ON OCTOBER 28, 2003 AND JANUARY 26, 2004:**

State the number of shares of Gilead common stock you owned at the close of trading on October 28, 2003 and January 26, 2004. Be sure to attach the required documentation.

IF NONE, CHECK HERE ☐

Held on October 28, 2003

Held on January 26, 2004

Proof enclosed? ○ Y ○ N

**G. INITIAL CALL OPTION HOLDINGS:**

State the number of Gilead call options you owned at the close of trading on July 13, 2003. If other than zero, be sure to attach the required documentation.

IF NONE, CHECK HERE ☐

| Number of Contracts | Date & Strike Price of Option Contract | | Total Amount Paid for Option Contract (excluding commissions, transfer taxes or other fees) | Proof enclosed? |
|---|---|---|---|---|
| | / | | $ . | ○ Y ○ N |
| | / | | $ . | ○ Y ○ N |

**H. CALL OPTION PURCHASES:**

List all purchases of Gilead call options made from and including July 14, 2003 through and including October 28, 2003. Be sure to attach the required documentation.

IF NONE, CHECK HERE ☐

| Date(s) of Purchase (List Chronologically) | | | Number of Contracts Purchased | Expiration Month & Year | | Strike Price | Purchase Price Per Contract (excluding commissions, transfer taxes or other fees) | [Ex]ercised [EX]pired | Proof enclosed? |
|---|---|---|---|---|---|---|---|---|---|
| MM | DD | YY | | MM | YY | | | | |
| / | / | | | / | | $ . | $ . | | ○ Y ○ N |
| / | / | | | / | | $ . | $ . | | ○ Y ○ N |
| / | / | | | / | | $ . | $ . | | ○ Y ○ N |

**I. TOTAL CALL OPTION PURCHASES:**
State the total number of Gilead call options purchased from and including July 14, 2003 through and including October 28, 2003.

IF NONE, CHECK HERE ☐

| | Proof enclosed? |
|---|---|
| | ○ Y ○ N |

**J. CALL OPTION SALES:**
List all sales of Gilead call options listed in Section H above made at any time on or after July 14, 2003.  Be sure to attach the required documentation.

IF NONE, CHECK HERE ☐

| Date(s) of Sale (List Chronologically) | | | Number of Contracts Sold | Expiration Month & Year | | Strike Price | Sale Price Per Contract (excluding commissions, transfer taxes or other fees) | [E]xercised E[X]pired | Proof enclosed? |
|---|---|---|---|---|---|---|---|---|---|
| MM | DD | YY | | MM | YY | | | | |
| __ / | __ / | __ | ____ | __ / | __ | $ __ . __ | $ __ . __ | [ ] | ○ Y ○ N |
| __ / | __ / | __ | ____ | __ / | __ | $ __ . __ | $ __ . __ | [ ] | ○ Y ○ N |
| __ / | __ / | __ | ____ | __ / | __ | $ __ . __ | $ __ . __ | [ ] | ○ Y ○ N |

**K. TOTAL CALL OPTION SALES:**
State the total number of Gilead call options you sold from and including July 14, 2003 through and including October 28, 2003.

IF NONE, CHECK HERE ☐

| | Proof enclosed? |
|---|---|
| | ○ Y ○ N |

**L. CALL OPTION EXERCISES:**
List all Gilead call options you exercised from and including July 14, 2003 through and including October 28, 2003. (If other than zero, must be documented.)

IF NONE, CHECK HERE ☐

| Date(s) of Exercise (List Chronologically) | | | Number of Contracts | Expiration Date | | | Strike Price | Proof enclosed? |
|---|---|---|---|---|---|---|---|---|
| MM | DD | YY | | MM | DD | YY | | |
| __ / | __ / | __ | ____ | __ / | __ / | __ | $ __ . __ | ○ Y ○ N |
| __ / | __ / | __ | ____ | __ / | __ / | __ | $ __ . __ | ○ Y ○ N |
| __ / | __ / | __ | ____ | __ / | __ / | __ | $ __ . __ | ○ Y ○ N |

**M. ENDING CALL OPTION HOLDINGS:**

List all Gilead call options you still held as of October 28, 2003, which thereafter you either sold or exercised or which expired.

IF NONE, CHECK HERE ☐

| Number of Contracts | Expiration Date | | | Strike Price | Sale Proceeds | [E]xercised E[X]pired | Proof enclosed? |
|---|---|---|---|---|---|---|---|
| | MM | DD | YY | | | | |
| | | | | $ . | $ . | [ ] [ ] | ○ Y ○ N |
| | | | | $ . | $ . | [ ] [ ] | ○ Y ○ N |
| | | | | $ . | $ . | [ ] [ ] | ○ Y ○ N |

**N. INITIAL PUT OPTION LIABILITIES:**

Identify any Gilead put options on which you were obligated at the close of trading on July 13, 2003.

IF NONE, CHECK HERE ☐

| Number of Contracts | Expiration Month/Year | Strike Price | [E]xercised E[X]pired | Proof enclosed? |
|---|---|---|---|---|
| | / | $ . | [ ] [ ] | ○ Y ○ N |
| | / | $ . | [ ] [ ] | ○ Y ○ N |

**O. TOTAL PUT OPTIONS WRITTEN (SOLD):**

List all Gilead put options you wrote (sold) from and including July 14, 2003 through and including October 28, 2003.

IF NONE, CHECK HERE ☐

| Date(s) of Sale (List Chronologically) | | | Number of Contracts Written (Sold) | Expiration Month & Year | | Strike Price | Sale Price Per Contract (excluding commissions, transfer taxes or other fees) | Proof enclosed? |
|---|---|---|---|---|---|---|---|---|
| MM | DD | YY | | MM | YY | | | |
| / / | | | | / | | $ . | $ . | ○ Y ○ N |
| / / | | | | / | | $ . | $ . | ○ Y ○ N |
| / / | | | | / | | $ . | $ . | ○ Y ○ N |

**P. PUT OPTION REPURCHASES:**
List all repurchases of the Gilead put options listed in Section O above made at any time on or after July 14, 2003.  Be sure to attach the required documentation.

IF NONE, CHECK HERE ☐

| Date(s) of Purchase (List Chronologically) MM / DD / YY | Number of Contracts Purchased | Expiration Month & Year MM / YY | Strike Price | Purchase Price Per Contract (excluding commissions, transfer taxes or other fees) | [E]xercised E[X]pired | Proof enclosed? |
|---|---|---|---|---|---|---|
| | | | $ . | $ . | | ○ Y ○ N |
| | | | $ . | $ . | | ○ Y ○ N |
| | | | $ . | $ . | | ○ Y ○ N |

**Q. PUT OPTIONS EXERCISED AND ASSIGNED TO YOU:**
List any Gilead put options which you wrote (sold) **during** the period from and including July 14, 2003 through and including October 28, 2003, which were exercised by the holders thereof and assigned to you (include all exercises whether occurring during or after the Class Period).

IF NONE, CHECK HERE ☐

| Date(s) of Exercise (List Chronologically) MM / DD / YY | Number of Contracts | Expiration Date MM / DD / YY | Strike Price | Proof enclosed? |
|---|---|---|---|---|
| | | | $ . | ○ Y ○ N |
| | | | $ . | ○ Y ○ N |
| | | | $ . | ○ Y ○ N |

**R. ENDING PUT OPTION LIABILITIES:**
Identify any Gilead put options which were unexpired and unassigned on which you were obligated at the close of trading on October 28, 2003.

IF NONE, CHECK HERE ☐

| Number of Contracts | Expiration Date MM / DD / YY | Strike Price | Settlement Cost | Un[A]ssigned Une[X]pired | Proof enclosed? |
|---|---|---|---|---|---|
| | | $ . | $ . | | ○ Y ○ N |
| | | $ . | $ . | | ○ Y ○ N |
| | | $ . | $ . | | ○ Y ○ N |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THE ABOVE SCHEDULES; WRITE YOUR NAME, SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER, AND FULL ACCOUNT NAME ON THE COPY; AND CHECK THIS BOX ☐
IF YOU DO NOT CHECK THIS BOX AND INCLUDE THIS PAGE WITH YOUR CLAIM FORM, ANY ADDITIONAL PAGES YOU ATTACH MAY NOT BE REVIEWED.
QUESTIONS?  CALL 866-217-4457 OR VISIT GILEADSECURITIESSETTLEMENT.COM

Page 7 of 10

## PART III: RELEASE OF CLAIMS AND SIGNATURE

### Definitions

"Class" means for purposes of the Settlement, all Persons who purchased Gilead Publicly Traded Securities during the period from and including July 14, 2003 through and including October 28, 2003. Excluded from the Class are the Defendants, the officers and directors of Gilead during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any such excluded Person has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

"Defendants" means Gilead, John C. Martin, John F. Milligan, Mark L. Perry, Norbert W. Bischofberger, Anthony Carraciolo, and William A. Lee.

"Gilead Publicly Traded Securities" means Gilead common stock and put and call options on Gilead common stock.

"Judgment" means the judgment to be rendered by the Court, substantially in the form and content attached as Exhibit B to the Stipulation.

"Released Claims" shall collectively mean any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), that (i) have been asserted in this Action by the Class Members or any of them against any of the Released Persons (as defined below), or (ii) could have been asserted in any forum by the Class Members or any of them against any of the Released Persons which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the pleadings and papers on file in this Action, including, without limitation, the Fifth Consolidated Amended Class Action Complaint for Violation of Federal Securities Laws, and that relate to the purchase of Gilead Publicly Traded Securities during the Class Period.

"Released Persons" means collectively any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, partners, agents, employees, attorneys, insurers, insureds and any person, firm, trust, corporation, officer, director or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of the Defendants.

"Unknown Claims" means collectively any Released Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Claims, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims, but Lead Plaintiffs shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have ever existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

### The Release

I (We) understand and acknowledge that without further action by anyone, on and after the Effective Date (as defined in the Stipulation), each Class Member, including members who have pending or later initiate any other actions, arbitrations, or other proceedings against Gilead, any of the individual Defendants, or any Released Person relating to the Released Claims, on behalf of themselves, their heirs, executors, administrators, successors, assigns, and any person they represent, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, settled, and discharged all Released Claims against each and every one of the Released Persons, including such Released Claims as already may have been asserted in any pending actions, arbitrations, or other proceedings, and whether or not a Proof of Claim and Release is executed and delivered by, or on behalf of, such Class Member.

### SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim and Release, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Settlement Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment and any other orders that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Gilead Publicly Traded Securities during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) hereby acknowledge, upon the Effective Date, full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge all Released Claims against each and all of the Released Persons.

I (We) further acknowledge:

1.  that the Claimant(s) is a (are) Class Member(s), as defined herein and in the Settlement Notice;

2.  that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in Gilead Publicly Traded Securities;

3.  that I (we) own(ed) the Gilead Publicly Traded Securities identified in this Proof of Claim and Release, or that, in signing and submitting this Proof of Claim and Release, I (we) have the authority to act on behalf of the owner(s) thereof;

4.  that Claimant(s) may be entitled to receive a distribution from the Net Settlement Fund;

5.  that I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the Claims Administrator, parties, or the Court may require; and

6.  that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim and Release.

## SUBSTITUTE FORM W-9—FOR UNITED STATES CITIZEN, RESIDENT, OR ENTITY

Enter taxpayer identification number (TIN) below for the beneficial owner(s). For individuals, this is your Social Security number (SSN). The Internal Revenue Service (IRS) requires this information. If you fail to provide this information, your claim may be rejected.

Taxpayer Identification Number (for estates, trusts, corporations, etc.)

Social Security Number (for individuals)

I (We) certify that the number shown on this form is my (our) correct TIN.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) I am (we are) exempt from backup withholding or (b) I (we) have not been notified by the IRS that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

If the IRS has notified you that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

**NOTE: If you have a joint account, only the SSN associated with that account is required to be provided. However, if your account is held jointly, BOTH parties must sign the form below. For sole proprietors, you may enter either your SSN or your TIN.**

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim and Release are true and correct and that the documents submitted herewith are true and genuine.

| | | |
|---|---|---|
| Signature of Claimant | Date | Print Name of Claimant |
| | | |
| Signature of Joint Claimant (if any) (if this claim is being made on behalf of Joint Claimants, then each must sign) | Date | Print Name of Joint Claimant |

**If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:**

| | | |
|---|---|---|
| Signature of Person Completing Form | Date | Print Name of Person Completing Form |

Capacity of person(s) signing, e.g., beneficial owner(s), executor, administrator, trustee, etc.

QUESTIONS?  CALL 866-217-4457 OR VISIT GILEADSECURITIESSETTLEMENT.COM

**REMINDER CHECKLIST**

- Please sign the Signature and Certifications section of the Proof of Claim and Release form.

- If this claim is being made on behalf of Joint Claimants, then both must sign.

- Please remember to attach supporting documents.

- **DO NOT SEND STOCK CERTIFICATES** or copies of STOCK CERTIFICATES, as they do not prove the purchase date, the price paid, or continued holding.

- **DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS. PLEASE SEND ONLY COPIES.**

- Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records; originals cannot be returned to you once the documents are submitted.

- If you move or change your name after submitting this Proof of Claim and Release form, please notify the Claims Administrator of the change in your name and/or address at the following address as soon as possible:

> GILEAD SCIENCES SECURITIES LITIGATION
> CLAIMS ADMINISTRATOR
> C/O A.B. DATA, LTD.
> PO BOX 170500
> MILWAUKEE, WI 53217-8042

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at 866-217-4457.

**Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

**THIS PROOF OF CLAIM AND RELEASE MUST BE POSTMARKED NO LATER THAN DECEMBER 6, 2010 AND MUST BE MAILED TO:**

> GILEAD SCIENCES SECURITIES LITIGATION
> CLAIMS ADMINISTRATOR
> C/O A.B. DATA, LTD.
> PO BOX 170500
> MILWAUKEE, WI 53217-8042

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

# Exhibit B

DATE:   JULY 23, 2010

TO:     BANKS, BROKERS, AND OTHER NOMINEES

RE:     *IN RE GILEAD SCIENCES SECURITIES LITIGATION*

---

### TICKER SYMBOL "GILD" (COMMON STOCK)
### CUSIP 375558103 (COMMON STOCK)
### ISIN US3755581036 (COMMON STOCK)

---

Attached please find the Notice of Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form ("Proof of Claim") for *In re Gilead Sciences Securities Litigation*, Master File No. C-03-4999-SI ("Action"), pending in the United States District Court, Northern District of California.

If you purchased or held any Gilead common stock and/or call options or wrote (sold) put options on Gilead common stock during the period from and including July 14, 2003 through and including October 28, 2003, as a nominee for a beneficial owner, then the Court has directed that within ten (10) days after you receive this Settlement Notice, you must either (1) send a copy of this Settlement Notice by First-Class Mail to all such Persons or (2) provide a list of the names and addresses of such Persons to the Claims Administrator.

Additional copies of the Notice and Proof of Claim may be downloaded from abdataclassaction.com/cases.aspx or requested by calling 866-561-6065 within the United States and Canada or 1-414-961-4888 from outside the United States and Canada, faxing your request to 1-414-961-7499, or emailing fulfillment@abdata.com. Mailing labels, data files, and written requests may also be sent to:

**GILEAD SCIENCES SECURITIES LITIGATION**
**CLAIMS ADMINISTRATOR**
**ATTENTION:  FULFILLMENT DEPARTMENT**
**C/O A.B. DATA, LTD.**
**3410 WEST HOPKINS STREET**
**PO BOX 170500**
**MILWAUKEE, WI  53217-8042**

**866-561-6065**
**1-414-961-4888 outside the United States or Canada**
**1-414-961-7499 fax**
**fulfillment@abdata.com**
**abdataclassaction.com**

CLAIMS ADMINISTRATOR

# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GILEAD SCIENCES SECURITIES LITIGATION | ) Master File No. C-03-4999-SI |
| | ) CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | ) SUMMARY NOTICE |
| | ) |

TO: ALL PERSONS WHO PURCHASED GILEAD SCIENCES, INC. ("GILEAD") COMMON STOCK AND/OR CALL OPTIONS, OR WHO WROTE (SOLD) PUT OPTIONS ON GILEAD COMMON STOCK, DURING THE PERIOD FROM AND INCLUDING JULY 14, 2003 THROUGH AND INCLUDING OCTOBER 28, 2003

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of California, a hearing will be held on November 5, 2010, at 10:30 a.m., before the Honorable Susan Illston, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, for the purpose of determining (1) whether the proposed Settlement of the Action for the sum of $8,250,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Action and all claims relating thereto should be released and dismissed with prejudice as set forth in the Stipulation of Settlement dated as of June 28, 2010; (3) whether the Plan of Allocation of Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Plaintiffs' Co-Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Action, together with interest thereon.

If you purchased Gilead common stock and/or call options, or wrote (sold) put options on Gilead common stock, from and including July 14, 2003 through and including October 28, 2003, your rights may be affected by this Action and the Settlement thereof. If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to Gilead Sciences Securities Litigation, Claims Administrator, c/o A.B. Data, Ltd., PO Box 170500, Milwaukee, WI 53217-8042, by downloading this information at GileadSecuritiesSettlement.com, or by calling 866-217-4457. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than December 6, 2010, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, to the above address, postmarked by September 30, 2010.

Any objection to any aspect of the Settlement must be filed with the Clerk of the Court no later than September 30, 2010, and **received** by the following no later than September 30, 2010:

**Plaintiffs' Co-Lead Counsel:**

ROBBINS GELLER RUDMAN & DOWD LLP
Jeffrey D. Light
655 West Broadway, Suite 1900
San Diego, CA 92101

MILBERG LLP
Lori G. Feldman
One Penn Plaza
New York, NY 10119

**Counsel for Defendants:**
COOLEY LLP
John C. Dwyer
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: JULY 7, 2010

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Exhibit D

# INVESTOR'S BUSINESS DAILY

## Affidavit of Publication

Name of Publication:     Investor's Business Daily
Address:                 12655 Beatrice Street
City, State, Zip:        Los Angeles, CA 90066
Phone #:                 310.448.6737
State of:                California
County of:               Los Angeles

     I, Paul Mayberry, for the publisher of __Investor's Business Daily__, published in the city of Los Angeles, state of California , county of Los Angeles hereby certify that the attached notice(s) Master File No. C-03-4999 SI was printed in said publication on the following date(s):

<u>**July 30, 2010**</u>

State of California
County of ___Los Angeles___

Subscribed and sworn to (or affirmed) before me on this 30th Day of July,

2010, by , proved to me on the basis of

satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD C. BRAND II
Commission # 1727106
Notary Public - California
Los Angeles County
My Comm. Expires Feb 25, 2011

# SUCCESSFUL INVESTORS READ INVESTOR'S BUSINESS DAILY

## MercadoLibre Leads Internet Retail Advance

### IBD INDUSTRY THEMES

**BY ALAN R. ELLIOTT**
INVESTOR'S BUSINESS DAILY

The Retail-Internet industry group climbed the past four weeks, moving to just below the top 20 IBD industry rankings Thursday.

The advance bucked the trend among retail groups. Retailers dominated the top industry slots early in the year. But only the most defensive retail groups — primarily auto parts chains and discount chains — held up through Q2.

The top-ranked group, Retail-Leisure Products, is semi-defensive, led by Netflix[cm] and Coinstar[cm]. Both companies are taking market share from traditional, store-based movie chains. But the overall movie rental trade has also benefited, as cost-conscious consumers spend more time at home.

Both stocks also have suffered recent damage. Coinstar fell 8% in after hours trade Thursday, after missing Q2 profit expectations.

In the Internet retailers' group, Amazon.com[cm] has the largest market capitalization and a strong EPS Rating. The stock has been living below its 10-week line since May, however. And although it is flashing some signs of accumulation, it is nowhere near a proper buy point.

MercadoLibre[cm] is the top stock in the Internet-Retail group. The Argentina-based online auction and retail operation carries a best-possible EPS Rating of 99. Its shares continue to battle resistance near 62.

MercadoLibre has close ties to the Brazilian economy, with customers in Brazil generating more than half its revenue.

MercadoLibre topped analysts' consensus earnings estimates by wide margins in six of the past seven quarters, with a miss in Q4 of last year. Earnings rose 83% in the latest quarter, on sales growth of 42%. The company reports Q2 results on Wednesday.

Thinly traded Liquidity Services[cm] and Shutterfly[cm] have also helped boost the group.

## Riverbed Gains As Indexes Fall; AsiaInfo Plunges

### RESEARCH TABLE REVIEW

**BY VICTOR REKLAITIS**
INVESTOR'S BUSINESS DAILY

Sector leaders ended mixed Thursday, while the major indexes all finished lower on higher turnover after a seesaw session.

**Riverbed Technology[cm]** was the only sector leader to rise in above-average volume.

The maker of computer networking products gained 0.52, or 1%, to 36.80. Trade came in 23% higher than normal.

Riverbed remains extended after surging out of a cup base on July 23, when it jumped 14% to 35.83 in big volume. The stock has managed to add to its gains since its breakout, with encouraging turnover on its up days this week.

Other advancers were workout clothing retailer Lululemon Athletica[cm], which rose 0.52 to 40.65, and weight-loss products seller Medifast[cm], which added 0.42 to end at 30.86.

On the downside, AsiaInfo Linkage[cm] plunged 6.85, or 26%, to 19.15. The Chinese software firm — new to the sector leaders lineup as of Thursday's edition — sliced through its 50- and 200-day moving averages in the wake of a disappointing second-quarter earnings report.

Volume was huge, and AsiaInfo closed at its low for the day.

**Aixtron[cm]** slid 1.07, or 3%, to 30.34 in fast trade.

The German producer of chipmaking gear has been working on a consolidation that saw the stock correct 42% from its 2010 high of 38.96, much deeper than ideal.

**VanceInfo Technologies[cm]** edged down 0.13 to 24.90 in roughly average turnover.

The Chinese IT services outsourcer rose early in the day, but then again closed below a 25.10 buy point that it cleared July 8.

**MercadoLibre[cm]** fell 1.81, or 3%, to 60.60 in soft trade. The Argentine online marketplace remains above its 10-week line after bouncing off it earlier this month.

## AstraZeneca's Good News Fortifies Stock

### THE INCOME INVESTOR

**BY PATRICK CAIN**
INVESTOR'S BUSINESS DAILY

**AstraZeneca[cm]** is on a hot streak.

Shareholders of the British drugmaker have had seemingly all the news lately go in their favor. As a result, the stock has rallied this week, clearing a three-weeks-right pattern.

The stock formed a double-bottom base with handle from January to June. It broke out June 29 in huge volume as it passed a 46.06 buy point.

AstraZeneca announced at the time that it was doubling its share buyback program to $2 billion and raised its full-year earnings outlook to a range of $6.35 to $6.65 a share, from $6.05 to $6.35 a share.

AstraZeneca rallied for another week, then settled into its three-weeks-right formation. On Tuesday, it passed the 50.43 buy point in strong volume.

Trading swelled that day, after the Food and Drug Administration said the drugmaker's blood thinner, Brilinta, appeared to be effective.

Two days later, the good news kept coming for AstraZeneca.

On Wednesday the FDA voted 7-1 to recommend approval for the drug for patients needing a drug therapy to treat heart attacks or chest pain. It was also recommended for those needing an artery-clearing procedure.

Analysts expect the new drug's sales to top $1 billion a year.

The company pays a dividend with an annualized yield of about 4.5%. The dividend is safe from cuts, according to Tim Anderson, an analyst at Bernstein.

What could hurt its dividend is if AstraZeneca were to make a large acquisition. But AstraZeneca said it's not looking to do that, according to Anderson. And after Pfizer damaged its own stock by cutting its dividend, drugmakers are thinking twice about doing the same.

AstraZeneca's shares hit a 52-week high this week. However, they are still well off the all-time high set in 2006.

# The National Business Marketplace

### LEGAL NOTICES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re GILEAD SCIENCES SECURITIES | Master File No. C-03-4999-SI
LITIGATION | CLASS ACTION
This Document Relates To: | SUMMARY NOTICE
ALL ACTIONS.

TO: ALL PERSONS WHO PURCHASED GILEAD SCIENCES, INC. ("GILEAD") COMMON STOCK AND/OR CALL OPTIONS, OR WHO WROTE (SOLD) PUT OPTIONS ON GILEAD COMMON STOCK, DURING THE PERIOD FROM AND INCLUDING JULY 14, 2003 THROUGH AND INCLUDING OCTOBER 28, 2003

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of California, a hearing will be held on November 5, 2010, at 10:30 a.m., before the Honorable Susan Illston, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, for the purpose of determining (1) whether the proposed Settlement of the Action for the sum of $8,250,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Action and all claims relating thereto should be released and dismissed with prejudice as set forth in the Stipulation of Settlement dated as of June 28, 2010; (3) whether the Plan of Allocation of Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Plaintiffs' Co-Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Action, together with interest thereon.

If you purchased Gilead common stock and/or call options, or wrote (sold) put options on Gilead common stock, from and including July 14, 2003 through and including October 28, 2003," your rights may be affected by this Action and the Settlement thereof. If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to Gilead Sciences Securities Litigation, Claims Administrator, c/o A.B. Data, Ltd., PO Box 170500, Milwaukee, WI 53217-8042, by downloading this information at GileadSecuritiesSettlement.com, or by calling 866-217-4457. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than December 6, 2010, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, to the above address, postmarked by September 30, 2010.

Any objection to any aspect of the Settlement must be filed with the Clerk of the Court no later than September 30, 2010, and received by the following no later than September 30, 2010:

Plaintiffs' Co-Lead Counsel:
ROBBINS GELLER RUDMAN & DOWD LLP | MILBERG LLP
Jeffrey D. Light | Lori G. Feldman
655 West Broadway, Suite 1900 | One Penn Plaza
San Diego, CA 92101 | New York, NY 10119

Counsel for Defendants:
COOLEY LLP
John C. Dwyer
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: JULY 7, 2010 | BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### LEGAL NOTICES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re JAKKS PACIFIC, INC. | Civil Action No. 04-CV-8807 (RJS)
SHAREHOLDERS CLASS | CLASS ACTION
ACTION LITIGATION | SUMMARY NOTICE

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND SETTLEMENT HEARING

TO: ALL PERSONS ("CLASS" OR "CLASS MEMBERS") WHO PURCHASED SHARES OF THE COMMON STOCK OF JAKKS PACIFIC, INC. ("JAKKS") DURING THE TIME PERIOD FROM DECEMBER 3, 1999 THROUGH AND INCLUDING OCTOBER 19, 2004

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the United States District Court for the Southern District of New York, that a hearing will be held on October 19, 2010, at 10:00 a.m., before the Honorable Richard J. Sullivan, at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007, for the purpose of determining: (1) whether the proposed settlement of the claims asserted by Lead Plaintiffs in the captioned class action (the "Litigation") against Defendants JAKKS, Jack Friedman, Stephen G. Berman and Joel M. Bennett (collectively, "Defendants") for the sum of $3,925,000 (the "Settlement Fund") in cash pursuant to the terms set forth in the Stipulation of Settlement dated November 2, 2009 (the "Stipulation") should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, the Litigation should be dismissed with prejudice as set forth in the Stipulation; (3) whether the proposed Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Plaintiffs' Co-Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with the Litigation should be approved.

If you purchased shares of JAKKS common stock during the period from December 3, 1999 through and including October 19, 2004, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, which is described in the detailed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"). The Notice also describes the proposed settlement and the steps Class Members must take to share in the proposed settlement, request exclusion from the Class, or object to the proposed settlement and any application for attorneys' fees and expenses. If you have not yet received a copy of the Notice and the Proof of Claim and Release (the "Proof of Claim"), you may obtain copies of these documents by contacting the Claims Administrator:

In re JAKKS Pacific Securities Litigation
c/o Gilardi & Co. L.L.C., Claims Administrator
P.O. Box 8040
San Rafael, CA 94912-8040
(888) 878-1145
www.gilardi.com/jakks

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to Plaintiffs' Co-Lead Counsel:

Ellen Gusikoff Stewart, Esq. | Matthew A. Kupillas, Esq.
ROBBINS GELLER RUDMAN | MILBERG LLP
& DOWD LLP | One Penn Plaza
655 West Broadway, Suite 1900 | New York, NY 10119-0165
San Diego, CA 92101 | (212) 594-5390
(619) 231-1058

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim postmarked no later than November 18, 2010, establishing that you are entitled to recovery. If you are a Class Member and do not submit a proper Proof of Claim, you will not share in the Settlement but you nevertheless will be bound by any judgment entered in the Litigation.

If you desire to be excluded from the Class, you must submit a request for exclusion postmarked by September 28, 2010, in the manner and form explained in the detailed Notice referred to above. All Class Members who have not requested exclusion from the Class will be bound by any judgment entered in the Litigation.

Any objection to the settlement must be postmarked or delivered such that it is received by the Court and by counsel no later than September 28, 2010.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. If you have any questions about the settlement, you may contact Plaintiffs' Co-Lead Counsel at the addresses listed above.

DATED: July 30, 2010 | BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Expand opportunities nationwide in the
National Business Marketplace
1-800-423-5515
INVESTOR'S BUSINESS DAILY

### Notice

"If you require additional information on any of the above companies, please contact your local Chamber of Commerce or Better Business Bureau in your area."

Place ad by phone or fax
PHONE 800-423-5515 | FAX 310-577-7246

# Inform the Public with Legal Notices

Advertise in the NATIONAL BUSINESS MARKETPLACE
1-800-423-5515

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 16, 2010.

s/ Jeffrey D. Light
JEFFREY D. LIGHT

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:Jeffl@rgrdlaw.com

# Mailing Information for a Case 3:03-cv-04999-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Susan K. Alexander**
  SuziA@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Lauren Block**
  lblock@milberg.com

- **Brian D. Brooks**
  bbrooks@murrayfrank.com

- **Ross B. Brooks**
  rbrooks@milberg.com

- **Matthew Dean Brown**
  mbrown@cooley.com,nafeyla@cooley.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Lori G. Feldman**
  lfeldman@milberg.com

- **Linda M. Fong**
  lfong@kaplanfox.com,kweiland@kaplanfox.com,lbarry@kaplanfox.com

- **David Jude George**
  dgeorge@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Robert A. Jigarjian**
  jigarjianlaw@gmail.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,kramerns@cooley.com

- **Laurence D. King**
  lking@kaplanfox.com,kweiland@kaplanfox.com,lbarry@kaplanfox.com

- **Jeffrey David Light**

jeffl@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Douglas C McDermott**
  doug@mcdermottnewman.com,eric@mcdermottnewman.com

- **John W. Pillette**
  CAND.USCOURTS@classcounsel.com

- **Robert Jeffrey Robbins**
  rrobbins@lerachlaw.com,ppuerto@lerachlaw.com

- **David Avi Rosenfeld , Esq**
  drosenfeld@geller-rudman.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Jennifer J. Sosa**
  jsosa@milberg.com

- **Sanford Svetcov**
  sandys@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Marc M. Umeda**
  MUmeda@robbinsumeda.com,notice@robbinsumeda.com

- **Joshua H. Vinik**
  jvinik@milberg.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jack G. Fruchter
Abraham Fruchter & Twersky LLP
One Penn Plaza
Suite 2805
New York, NY 10119

Holly W. Kimmel
Coughlin Stoia Geller Rudman & Robbins LLP
120 E. Palmetto Park Road
Suite 500
Boca Raton, FL 33432-4809

James M. Orman
Law Offices of James M. Orman
1845 Walnut Street, 14th Floor
Philadelphia, PA 19103
```