**CHAMBERS DO NOT FILE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GILEAD SCIENCES SECURITIES LITIGATION | Master File No. C-03-4999-SI |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | DATE: November 5, 2010<br>TIME: 10:30 a.m.<br>COURTROOM: The Honorable Susan Illston |

583537_1

1    This matter came before the Court for hearing pursuant to the Order of this Court dated July 7, 2010 ("Preliminary Approval Order"), on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of June 28, 2010 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

   1.   This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

   2.   This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

   3.   The Settlement Notice and the Summary Notice have been given to the Class, pursuant to and in the manner directed by the Preliminary Approval Order. The form and manner of the Settlement Notice and Summary Notice are hereby determined to have: (a) constituted the best practicable notice under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort, (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency and nature of the Action, of the effect of the Stipulation, including the releases provided for therein, of their right to object to the proposed Settlement, of their right to exclude themselves from the Class, and of their right to appear at the Fairness Hearing, and (c) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Rules of the Court, and any other applicable law. It is further determined that all Members of the Class who did not validly exclude themselves from the Settlement as provided in the Preliminary Approval Order and Stipulation are bound by the Judgment herein.

   4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action for purposes of effectuating the Settlement, on behalf of a Class

consisting of all Persons who purchased Gilead Publicly Traded Securities during the period from and including July 14, 2003 through and including October 28, 2003. Excluded from the Class are Defendants, the officers and directors of Gilead during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any such excluded Person has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the Settlement Notice.

5.   In connection with the certification of the Class for purposes of effectuating the Settlement, this Court hereby finds that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

6.   Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finds that the Settlement is, in all respects, fair, reasonable, and adequate. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the Stipulation.

7.   Except as to those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Action and all claims asserted therein, including in

the Fifth Amended Complaint, as well as all of the Released Claims are hereby dismissed with prejudice as to Lead Plaintiffs and all other Members of the Class, and as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, settled and discharged all Released Claims against each and all of the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release.

9. Upon the Effective Date, Lead Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding, in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, any of the Released Claims against any of the Released Persons.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

11. In accordance with 15 U.S.C. §78u-4(f)(7)(A), any and all claims for contribution arising out of any Released Claim (i) by any Person against any Defendant, and (ii) by any Defendant against any Person, other than a Person whose liability has been extinguished by the Settlement, are hereby permanently barred and discharged.

12. Notwithstanding ¶¶8-11, inclusive, herein, nothing in this Judgment shall bar any action or claim by any of the Settling Parties or the Released Persons to enforce or effectuate the terms of the Stipulation or this Judgment.

13. Neither the Plan of Allocation nor any order entered regarding the Fee and Expense Application shall in any way disturb or affect the finality of this Judgment, and both shall be considered separate from this Judgment.

14.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Stipulation may be filed in any action or proceeding to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     No Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the Released Persons with respect to: (a) any act, omission or determination of Plaintiffs' Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the Escrow Account; (f) any application for, or award of, attorneys' fees and expenses to Plaintiffs' Counsel, or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in the value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

16.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Action, Lead Plaintiffs, the Class, and the Released Persons for the purposes of: (a) implementing, enforcing, construing, interpreting and administering the Stipulation,

1 the Plan of Allocation, and this Judgment; (b) disposition of the Settlement Fund; and (c) hearing and determining any Fee and Expense Application filed in the Action.

    17.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other similar rules or statutes.

    18.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

    19.    There is no reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 11/5/10

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
  & DOWD LLP
JEFFREY D. LIGHT

    s/ Jeffrey D. Light
JEFFREY D. LIGHT

655 W. Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

| | |
|---|---|
| 1 | ROBBINS GELLER RUDMAN |
|   |   & DOWD LLP |
| 2 | SANFORD SVETCOV |
|   | SUSAN K. ALEXANDER |
| 3 | Post Montgomery Center |
|   | One Montgomery Street, Suite 1800 |
| 4 | San Francisco, CA  94104 |
|   | Telephone: 415/288-4545 |
| 5 | 415/288-4534 (fax) |
| 6 | |
|   | ROBBINS GELLER RUDMAN |
| 7 |   & DOWD LLP |
|   | DAVID J. GEORGE |
| 8 | ROBERT J. ROBBINS |
|   | 120 East Palmetto Park Road, Suite 500 |
| 9 | Boca Raton, FL  33432 |
|   | Telephone: 561/750-3000 |
| 10 | 561/750-3364 (fax) |
| 11 | MILBERG LLP |
|   | JOSHUA H. VINIK |
| 12 | LORI G. FELDMAN |
|   | ROSS BROOKS |
| 13 | One Pennsylvania Plaza |
|   | New York, NY  10119 |
| 14 | Telephone: 212/594-5300 |
|   | 212/868-1229 (fax) |
| 15 | |
|   | Co-Lead Counsel for Plaintiffs |
| 16 | |
|   | KAPLAN FOX & KILSHEIMER LLP |
| 17 | LAURENCE D. KING |
|   | 350 Sansome Street, Suite 400 |
| 18 | San Francisco, CA  94104 |
|   | Telephone: 415/772-4700 |
| 19 | 415/772-4707 (fax) |
| 20 | Liaison Counsel for Plaintiffs |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

EXHIBIT 1

AS OF OCTOBER 25, 2010

NO REQUESTS FOR EXCLUSION HAVE BEEN RECEIVED

**EXHIBIT 1**

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following Designated Internet Site at: http://securities.stanford.edu.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 29, 2010.

    s/ JEFFREY D. LIGHT
    JEFFREY D. LIGHT

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: Jeffl@rgrdlaw.com

583537_1

# Mailing Information for a Case 3:03-cv-04999-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Susan K. Alexander**
  SuziA@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Lauren Block**
  lblock@milberg.com

- **Brian D. Brooks**
  bbrooks@murrayfrank.com

- **Ross B. Brooks**
  rbrooks@milberg.com

- **Matthew Dean Brown**
  mbrown@cooley.com,nafeyla@cooley.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Lori G. Feldman**
  lfeldman@milberg.com

- **Linda M. Fong**
  lfong@kaplanfox.com,kweiland@kaplanfox.com,lbarry@kaplanfox.com

- **David Jude George**
  dgeorge@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Robert A. Jigarjian**
  jigarjianlaw@gmail.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,kramerns@cooley.com

- **Laurence D. King**
  lking@kaplanfox.com,kweiland@kaplanfox.com,lbarry@kaplanfox.com

- **Jeffrey David Light**

    jeffl@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Douglas C McDermott**
  doug@mcdermottnewman.com,eric@mcdermottnewman.com

- **John W. Pillette**
  CAND.USCOURTS@classcounsel.com

- **Robert Jeffrey Robbins**
  rrobbins@lerachlaw.com,ppuerto@lerachlaw.com

- **David Avi Rosenfeld , Esq**
  drosenfeld@geller-rudman.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Jennifer J. Sosa**
  jsosa@milberg.com

- **Sanford Svetcov**
  sandys@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Marc M. Umeda**
  MUmeda@robbinsumeda.com,notice@robbinsumeda.com

- **Joshua H. Vinik**
  jvinik@milberg.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jack G. Fruchter
Abraham Fruchter & Twersky LLP
One Penn Plaza
Suite 2805
New York, NY 10119

Holly W. Kimmel
Coughlin Stoia Geller Rudman & Robbins LLP
120 E. Palmetto Park Road
Suite 500
Boca Raton, FL 33432-4809

James M. Orman
Law Offices of James M. Orman
1845 Walnut Street, 14th Floor
Philadelphia, PA 19103
```